**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

VALLEY CHABAD, INC. and RABBI
DOV DRIZIN,

                Plaintiffs,

  v.

BOROUGH OF WOODCLIFF LAKE,
N.J., ZONING BOARD OF
ADJUSTMENT OF THE BOROUGH OF
WOODCLIFF LAKE, N.J., et al.

                Defendants.

Civil No. 2:16-cv-08087-KSH-JAD


**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**
**DISCOVERY AND FOR SANCTIONS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**


**STORZER & ASSOCIATES, P.C.**
Sieglinde K. Rath
Roman P. Storzer
Robin N. Pick
Storzer & Associates, P.C.
9433 Common Brook Road, Ste 208
Owings Mills, MD 21117
rath@storzerlaw.com
storzer@storzerlaw.com
pick@storzerlaw.com
(410) 559-6325

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................... 1

FACTUAL BACKGROUND ......................................................................................... 2

ARGUMENT ............................................................................................................... 7

I.   DEFENDANTS MUST PRODUCE COMPLETE ANSWERS TO
     INTERROGATORIES, RESPONSES AND OBJECTIONS TO REQUESTS FOR
     PRODUCTION OF DOCUMENTS, AND ALL REQUESTED ESI ............................... 7

     A.   Plaintiffs' Interrogatories ......................................................................... 8

     B.   Plaintiffs' Requests for Production of Documents. ................................. 10

II.  REQUEST FOR FEES AND SANCTIONS. .................................................... 14

CONCLUSION .......................................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432 (1985) ........................................11

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, *NY*, 280 F. Supp. 3d 426 (S.D.N.Y. 2017)..................................................................................................................10, 11

*Edelson v. Cheung*, No. 213CV5870JLLJAD, 2017 WL 150241 (D.N.J. Jan. 12, 2017) ...........15

*Gov't Employees Ins. Co. v. Zuberi,* No. CV 15-4895 (JLL), 2017 WL 4790383 (D.N.J. Oct. 23, 2017).............................................................................................................................16

*Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988)...............................................................................15

*Howard Johnson Int'l, Inc. v. Kil Su Kim, No.* CIV. 11-3438 JLL, 2012 WL 6568438 (D.N.J. Dec. 17, 2012), *report and recommendation adopted*, No. CIV.A. 11-3438 JLL, 2013 WL 56826 (D.N.J. Jan. 3, 2013).............................................................................................16

*LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412 (2d Cir. 1995) ........................................................11

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Becton, Dickinson & Co., No*. CV 14-4318 (CCC), 2019 WL 1771996 (D.N.J. Apr. 23, 2019) ...................................................................7

*Pacini v. Macy's*, 193 F.3d 766 (3d Cir. 1999) ...............................................................................7

*Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863 (3d Cir. 1984) ...........................................15

*Swift v. Pandey*, No. 213CV650JLLJAD, 2015 WL 6687606 (D.N.J. Oct. 30, 2015) ................16

*Sylvan Learning Sys., Inc. v. Gordon*, No. 98-CV-2146, 1998 WL 34064495 (D.N.J. Dec. 15, 1998)...........................................................................................................................15

*TD Auto Fin. LLC v. Cinema Car II, Inc.,* No. 2:13-CV-4230-JLL-JAD, 2014 WL 5410647 (D.N.J. Oct. 23, 2014) ............................................................................................................14

*Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977) ...................10, 11

*Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead*, 98 F. Supp. 2d 347 (S.D.N.Y. 2000)...........................................................................................................................11

## Statutes

42 U.S.C. § 2000cc, *et seq.*......................................................................................................7, 10

**Rules**

FED. R. CIV. P. 26 ....................................................................................................7, 8

FED. R. CIV. P. 33 .......................................................................................................8

FED. R. CIV. P. 34 ..................................................................................................10, 14

FED. R. CIV. P. 37 .................................................................................................*passim*

## PRELIMINARY STATEMENT

Defendants have regularly ignored their discovery obligations throughout this litigation, disregarding Court-ordered deadlines and failing to respond to Plaintiffs' repeated attempts to resolve discovery issues without this Court's intervention.  Defendants, Borough of Woodcliff Lake ("Borough"), Zoning Board of Adjustment of the Borough of Woodcliff Lake ("Board"), Mayor Carlos Rendo, and Paul Bechtel (collectively, the "Defendants") have failed to provide complete responses to Plaintiffs Valley Chabad and Rabbi Dov Drizin's (collectively, the "Plaintiffs") written discovery requests--some of them served nearly two years ago--and to produce electronically stored information ("ESI") as required by Court orders.  Plaintiffs first served Interrogatories and Requests for Production of Documents ("RPD") on July 17, 2017. Although discovery deadlines have been repeatedly extended in this case, Defendants continue to ignore them.  This extreme delay in providing the required discovery has resulted in prejudice to Plaintiffs, who are prevented from preparing their case, the claims in which are already based on Defendants' decade-long efforts to prevent Plaintiffs from building a house of worship in the Borough.  Defendants' repeated failure to comply with their discovery obligations compounds the harm that Plaintiffs have suffered and continue to suffer as a religious community.

Pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, Plaintiffs move to compel Defendants to produce complete responses to Plaintiffs' written discovery requests served on July 17, 2017 and September 14, 2018, as well as all documents as set forth herein. Plaintiffs also move for sanctions under Rule 37.[1]

---

[1] Plaintiffs requested leave to file a motion to compel from the Court on January 29, 2019 and May 21, 2019.  (Dkt. #57; Dkt. #70.)  The Court granted Plaintiffs leave to file this motion on May 28, 2019.  (Dkt. #72.)

1

## FACTUAL BACKGROUND

On July 17, 2017, Plaintiffs served Interrogatories and Requests for Production of Documents on the Borough, Board and Rendo. **Declaration of Robin Pick ("Pick Decl.") Exhs. A, B, C, D, E, F.** On November 8, 2017, the Court entered a Consent Order extending fact discovery through June 1, 2018. **Pick Decl. Exh. G.** Due to settlement discussions ongoing at that time, the parties agreed to respond to all outstanding discovery requests by March 16, 2018. **Pick Decl. Exh. H.** On October 2, 2017, Plaintiffs served their responses to Defendants' Interrogatories, and on March 16, 2018, Plaintiffs served their Objections and Responses to Defendants' Request for Production of Documents as well as supplemental responses to Defendants' Interrogatories. **Pick Decl. ¶¶ 34-35.**

On March 19, 2018, the Board served Answers to Interrogatories and Responses and Objections to Plaintiffs' RPDs (**Pick Decl. Exhs. I, J**), and on April 19, 2018, the Borough and Rendo served their Answers to Interrogatories. **Pick Decl. Exhs. K, L.** All three sets of Answers to Interrogatories were incomplete, and Defendants Borough and Rendo failed completely to serve Responses and Objections to Plaintiffs' RPDs.

On April 20, 2018, the Court entered a Consent Order extending discovery. (Dkt. #34.) On April 26, 2018, the parties filed a Stipulation and Order ("ESI Order") regarding Electronically Stored Information ("ESI"). **(**Dkt. #36.) Shortly thereafter on May 2, 2018, Plaintiffs served their document production on Defendants consisting of over 37,000 pages of ESI produced in the manner and format agreed upon in the ESI Order. **Pick Decl. Exh. M.**

On May 11, 2018, Plaintiffs sent a letter to the Court indicating that Defendants still had not provided Responses and Objections to RPDs from Rendo and the Borough, and documents responsive to the RPDs and Interrogatories. **Pick Decl. Exh. N.** The Court entered a Text Order

requiring Defendants to respond to Plaintiffs' letter by May 25, 2018.  (Dkt. #37.)  On May 28, 2018, Defendants indicated by letter to the Court that they planned to comply within two weeks (June 11, 2018), but they did not.  (Dkt. #38.)  On June 21, 2018, Plaintiffs sent a letter to the Court indicating that Defendants still had not provided the outstanding discovery responses and documents.  (Dkt. #39.)

On June 13, 2018, the United States of America filed a Complaint against the Borough and Board concerning the same facts and circumstances giving rise to this litigation.  (Civ. No. 18-10511, Dkt. #1.)  On July 30, 2018, the Court ordered that the United States' action be consolidated with the private action (Civ. No. 16-8087).  (Dkt. #50.)

On June 27, 2018, Defendants served an incomplete production that ignored the majority of Plaintiffs' RPDs, and further did not include the specifications agreed upon in the ESI Order. Despite the ESI Order, Defendants failed to produce, *inter alia,* native files, metadata, a load file, as well as any information indicating from which custodians the documents were collected.  **Pick Decl. ¶ 36.**

On July 27, 2018, new attorneys for Defendants, Eric L. Harrison and Brent R. Pohlman, entered an appearance, substituting for prior Defendants' counsel.  (Dkt. #47; Dkt. #48.)  Plaintiffs' counsel spoke with Defendants' new counsel about the outstanding discovery issues, and on August 3, 2019, Plaintiffs' counsel sent Defendants' counsel a letter reiterating the outstanding discovery items and detailing the deficiencies in Defendants' interrogatories.  **Pick Decl. Exh. O**.

In early September 2018, Plaintiffs' counsel contacted Defendants' counsel via telephone to inquire about the outstanding discovery.  As memorialized an email dated September 7, 2018, Defendants' counsel stated that they intended to, *inter alia,* prepare written responses to Plaintiffs' RPDs to the Borough and Rendo, address the discovery deficiencies in the August 3 letter within

two to three weeks, and begin a rolling production of Defendants' documents as soon as possible. **Pick Decl. Exh. P**. Still, Defendants did not produce the written responses to Plaintiffs' RPDs, did not provide complete answers to interrogatories, and did not begin a rolling production of documents. On September 13, 2018, Defendants' counsel stated via email "I will circle back with you following my Monday meeting with the client to advise when you can expect a complete response to the deficiency letter." **Pick Decl. Exh. Q**. Defendants' counsel never followed up with Plaintiffs to advise when Plaintiffs could expect a complete response to the deficiency letter and never responded to the deficiency letter.

In the consolidated action, the Court approved updated discovery deadlines on August 13, 2018, requiring the parties in the private action to serve any supplemental written discovery requests by September 14, 2018, with responses due within 30 days of receipt of the requests. (Dkt. #51.) On September 14, 2018, the Plaintiffs timely served Supplemental Requests for Production of Documents on Defendants Borough, Board, Rendo and Bechtel. **Pick Decl. Exhs. R, S, T, U**. Defendants again ignored the deadline for responses, and Plaintiffs still have not received any responses to the supplemental requests from Defendant Rendo.

On November 26, 2018, after the parties conferred about ESI, the Court granted another extension of discovery deadlines. (Dkt. #56.) Under the updated discovery schedule, Responses and Objections to RPDs were due on November 16, 2018, and Responses to Interrogatories were due on November 30, 2018. (Dkt. #56.) Defendants did not serve any Responses and Objections to RPDs by the new November 16, 2018 deadline, and did not provide complete interrogatory answers by the new November 30, 2018 deadline. Further, Defendants did not acknowledge these deadlines, failing to contact Plaintiffs to indicate when the responses would be provided.

On December 13, 2018, Plaintiffs' counsel requested a call to meet and confer about the outstanding discovery issues. **Pick Decl. Exh. V**. Defendants' counsel never responded to Plaintiffs' request.

According to the November 26, 2018 Scheduling Order, Defendants' document production was due to Plaintiffs 45 days from receipt of the identification of document custodians and search terms from Plaintiffs. Plaintiffs provided a list of custodians and search terms on November 21, 2018 (**Pick Decl. Exh. W, X, Y**), and Defendants' documents were to be due on January 5, 2019. On January 4, 2019, Defendants' counsel Brent Pohlman sent an email stating that due to technical and other issues, the Borough was not able to adhere to the January 5, 2019 deadline. **Pick Decl. Exh. Z**. Mr. Pohlman indicated "[w]e have been advised that counsel for WCL will receive the raw search response from the vendor no later than January 11, 2019. Once we have same we will immediately begin our review for privilege and then make the responsive non privileged materials available to VC/DoJ via a portal to a hosting site." Plaintiffs had still not received any ESI by the end of January. *Id.*

On January 29, 2019, Plaintiffs wrote a letter to the Court outlining the discovery deficiencies and requesting the Courts' permission to file a motion to compel. (Dkt. #57.) On January 30, 2019, the parties had a telephone status conference with the Court in which Defendants' counsel represented that they would be responding to Plaintiffs' outstanding discovery requests. It was also discussed that Defendants should produce documents on a rolling basis.

On February 11, 2019, the Court ordered a revised discovery schedule which set February 21, 2019 as the new deadline for responses to outstanding written discovery requests. (Dkt. #59.) Again, the Defendants disregarded the February 21, 2019 deadline and did not contact Plaintiffs

to address the outstanding responses.  Additionally, in the February 11, 2019 discovery schedule, Defendants' first production of ESI was due on February 15, 2019.  On February 15, 2019, Defendants produced a handful of photocopied files, but still no ESI.  On February 20, 2019, Plaintiffs provided a status update to the Court via letter, detailing the outstanding discovery issues. (Dkt. #60.)

More than a month later, on March 29, 2019, Defendants produced their initial production of ESI from Defendants (without any indication as to which Defendants the documents were produced by) to Plaintiffs, but the production failed to include all responsive, non-privileged documents requested.  The production did not include emails from the custodians' private email accounts, and only included <u>four</u> documents dated before 2010 despite requests for documents dating back to January 1, 2000.

On May 20, 2019, Plaintiffs sent another letter to Defendants inquiring about the outstanding discovery issues, and again received no response.  **Pick Decl. Exh. AA.**  On May 21, 2019, Plaintiffs wrote a letter to the Court outlining the discovery deficiencies and requesting leave to file a motion to compel.  (Dkt. #70.)

On May 28, 2019, this Court granted Plaintiffs leave to file this motion on May 28, 2019. (Dkt. #72.)

To date, Plaintiffs still have not received Responses and Objections to Plaintiffs' RPDs served upon Defendants Rendo and the Borough; complete interrogatory answers as set forth in the August 3, 2018 letter; Responses and Objections to Plaintiffs' Supplemental RPDs served upon Defendant Rendo; any emails from private email accounts from the agreed-upon custodians; and any emails (except for four) responsive to Plaintiffs' document requests between January 1, 2000 and 2010.

## ARGUMENT

### I. DEFENDANTS MUST PRODUCE COMPLETE ANSWERS TO INTERROGATORIES, RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS, AND ALL REQUESTED ESI.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  "It is 'well recognized that the federal rules allow broad and liberal discovery.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Becton, Dickinson & Co., No.* CV 14-4318 (CCC), 2019 WL 1771996, at *3 (D.N.J. Apr. 23, 2019) (quoting *Pacini v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999)). "Relevance is a broader inquiry at the discovery stage than at the trial stage, and relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* (internal quotations and citations omitted).

Plaintiffs' nine-count Complaint alleges violations of the United States Constitution, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA"), and the New Jersey Law Against Discrimination based on Defendants' land use regulations and conduct that have prohibited Plaintiffs from building a place of worship in the Borough, as well as harassment and intimidation designed to disrupt Plaintiffs' religious exercise. Plaintiffs allege that the Borough's onerous and discriminatory imposition and implementation of land use regulations, and the Board's denial of Plaintiffs' land use application unreasonably regulate religious land uses, substantially burden the Plaintiffs' religious exercise without being the least restrictive means of achieving any compelling governmental interest, discriminate against the Plaintiffs on the basis of religion, and treat religious land uses on less than equal terms as secular assembly and institutional uses.

A.      Plaintiffs' Interrogatories.

Rule 33 of the Federal Rules of Civil Procedure provides for the use of interrogatories in discovery.  Rule 26(e)(1)(A) requires that a party who has responded to an interrogatory must supplement or correct its response in a timely manner if the party learns that in some material respect the response is incomplete.  Rule 37(a) allows for a party to move for an order compelling answers to discovery under Rule 33 when a party fails to comply with such discovery.  As detailed in Plaintiffs' August 3 letter (**Pick Decl. Exh. O**), Defendants' answers to sixty-one (61) interrogatories are incomplete, evasive, and in some instances, entirely blank.  Plaintiffs' August 3, 2018 letter detailed each of Defendants' deficient and incomplete responses to Plaintiffs' interrogatories, and specified what was required to comply with Defendants' obligations. Defendants failed to respond to Plaintiffs' letter despite numerous requests by Plaintiffs to do so, and on March 29, 2019, Defendants stated in a letter to the Court that "[w]ith respect to the Defendants' responses to Plaintiffs' initial requests for answers to interrogatories, the Defendants proffer that the responses are appropriately responsive."

Four answers to interrogatories were not merely incomplete, but were not answered at all. Defendants skipped these interrogatories without explanation.  **Pick Decl. Exh. K, Nos. 8, 10, 21 & 30.**  The remainder of the 61 interrogatory answers were incomplete, unclear, evasive, and/or fail to answer the question asked.[2]  **Pick Decl. Exh. I, K, L.**  For example, the Borough's response to Interrogatory No. 6 fails to answer the question asked.  The interrogatory seeks the governmental

---

[2] The complete list of interrogatories for which Plaintiffs requested answers are as follows:

Board:  Interrogatory Nos. 3-5, 12-14, 16, 18-23, 28, 31-37.
Borough:  Interrogatory Nos. 3-12, 14, 19-31, 35-37.
Rendo:  Interrogatory Nos.  2, 7-9, 12, 15-19, 21-23.

interests addressed by the three-acre "lot area" requirement for Houses of Worship, but the answer

addresses setback requirements instead:

> Interrogatory No. 6: Please identify all governmental interests addressed by the Borough's three-acre "Lot Area" requirement for Houses of Worship, as stated in § 380.13 of the Code of the Borough of Woodcliff Lake.
>
> Response: Objection. The phrase governmental interest is too vague to provide a meaningful response. Without waiving the objection, and in an effort to be responsive, the defendant, the Borough of Woodcliff Lake, states that the purpose of the setback requirements is to provide area enough to construct a building of proper size and parking that meet all the requirements as set forth in the land use code of the Borough of Woodcliff Lake and that of the state of New Jersey; also to provide public safety by allowing for fire safety, environmental protection and to preserve the nature of the community, among other considerations.

(Emphasis added.)  The Borough's response to Interrogatory No. 36, likewise is nonresponsive:

> Interrogatory No. 36:  Identify all facts which support your contention in paragraph 88 of your Answer that the "property is used for recreational purposes."
>
> Response:  Galaxy Gardens was purchased for passive recreation use.

The Borough's response to Interrogatory No. 20 both fails to answer the interrogatory and

improperly refers Plaintiffs simply to "documents" without specifying which documents contain

the information sought.

> Interrogatory 20: Please list by date, nature thereof and outcome, any and all inspections conducted at the Subject Property by the Borough, including but not limited to the Fire Official of the Borough and the Zoning Code Enforcement Official of the Borough.
>
> Response: Please see documents provided.

The failure to provide complete responses to each of these interrogatories is described in

Plaintiffs' August 3, 2018 letter to Defendants. **Pick Decl. Exh. O**.  Pursuant to Rule 37(a)(4),

incomplete answers are treated as a failure to answer, and Plaintiffs are entitled to an Order

compelling Defendants to answer the above listed interrogatories.

B.    Plaintiffs' Requests for Production of Documents.

Rule 34 governs the use of requests for production of documents, responses and objections to document requests, and the production of documents and ESI.  As detailed above, Defendants failed to serve Responses and Objections to Plaintiffs' First RPDs served upon Mayor Rendo and the Borough and to Plaintiffs' Supplemental RPDs served upon Mayor Rendo, as required by Federal Rule of Civil Procedure 34(b)(2).  As a result, Plaintiffs are entitled to an Order compelling Defendants to produce all outstanding Responses and Objections to RPDs.

Further, as discussed above, Defendants have not produced any documents responsive to Plaintiffs' RPDs from the agreed-upon custodians' personal email accounts.  Plaintiffs allege in the Complaint violations of the Equal Protection Clause of the Fourteenth Amendment and the nondiscrimination provision of RLUIPA which states that "[n]o government shall impose or implement a land use regulation that discriminates against any assembly or institution on the basis of religion or religious denomination."   42 U.S.C.  §  2000cc(b)(2).   In order to establish a Nondiscrimination claim under RLUIPA, relevant evidence is the same necessary to establish an Equal Protection claim.  *See Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, *NY*, 280 F. Supp. 3d 426, 488 (S.D.N.Y. 2017).

To prove a violation of the Equal Protection Clause, Plaintiffs must establish purposeful discrimination by the Defendant, directed at a suspect class such as a racial group, or a religion. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).  Courts have held that discriminatory purpose may be inferred from the totality of relevant facts, including but not limited to the following circumstantial and direct evidence: (a) the series of events leading up to a land use decision; (b) the context in which the decision was made; (c) whether the decision or decisionmaking process departed from established norms, including the City's actions with respect

to other proposed projects; (d) statements made by the decisionmaking body and community members; (e) reports issued by the decisionmaking body; (f) whether a discriminatory impact was foreseeable; and (g) whether less discriminatory avenues were available. *Arlington Heights*, 429 U.S. at 267. Furthermore, as discussed below, a governmental body must not "defer[] to the [discriminatory] wishes or objections of some fraction of the body politic." *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 448 (1985). Statements by government decisionmakers are unquestionably relevant with respect to claims such as these. *See, e.g., Congregation Rabbinical Coll. of Tartikov*, 280 F. Supp. 3d at 453 (Village Board member "Louie made a Facebook post which indicated discriminatory animus towards the Orthodox/Hasidic Jewish population."); *Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead*, 98 F.Supp.2d 347, 355 (S.D.N.Y. 2000) (holding that "discriminatory comments by the [m]ayor . . . present grounds for allowing a jury to judge the credibility, and motivation, of the [m]ayor . . . as well as the motivation that can be attributed to the [v]illage itself in passing the disputed provisions").

"Determining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Arlington Heights,* 429 U.S. at 266. Discriminatory intent may be inferred by showing that animus against the protected group was a significant factor in the position taken <u>by the municipal decision-makers themselves</u> or by those to whom the decision-makers were knowingly responsive. *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 425 (2d Cir. 1995) (emphasis added); *see also Tartikov*, 280 F. Supp. 3d at 449 (quoting *LeBlanc-Sternberg*, 67 F.3d at 425).

Plaintiffs allege here that the Chabad had

attempted to locate a house of worship in the Borough for over ten years at four different locations, each time prevented from doing so by the Defendants, who have

been highly responsive to local residents hostile to Plaintiffs' Orthodox Jewish character. The Chabad has been the victim of a targeted effort to prevent it from developing a house of worship in the Borough, resulting from unjustified fear and prejudice of haredi Orthodox Jews. Examples of this effort include Defendant Rendo's statement that the Chabad was trying to 'turn the Borough into a little Jerusalem' and fears of local residents that the Borough will become 'a Hassidic place' and 'a little Monsey,' and that 'Our town will be littered with black hats [a reference to Hassidic Orthodox Jews] walking the town on Saturdays.'"

(Dkt. #1 ¶ 3.)   Documents containing evidence of discriminatory animus would therefore be relevant to support Plaintiffs' allegations.

Plaintiffs' RPDs include requests for:

- "All communications, including but not limited to email communications, relating to the Jewish community, persons or religion."   **Pick Decl. Exh. S.**

- All emails relating to: "(a) either of the Plaintiffs, (b) the Subject Property, (c) the Jewish community, persons or religion, (d) Galaxy Gardens, (e) the Friendship Circle Sports League and/or Plaintiffs' use of property managed by the Woodcliff Lake Board of Education, (f) the property at 51 Mill Extension Road, (g) 'Responsible Citizens of Woodcliff Lake,' (h) 'Woodcliff Lake Residents for Reasonable Development,' or (i) 'Concerned Neighbors & Residents of Woodcliff Lake, Inc.'"   **Pick Decl. Exh. T.**

Requests for documents responsive to the RPDs in the agreed-upon custodians' personal email accounts are clearly relevant, and Borough officials have used their non-Borough email accounts to send and receive emails related to official business, including emails related to Valley Chabad. *See, e.g.,* **Pick Decl. Exh. BB.**  Moreover, certain Borough officials on the custodian list certified that they did not use personal emails for official business (**Pick Decl. Exh. CC**), but in many cases, this is false. *See, e.g.,* **Pick Decl. Exh. BB.**  Examples of Borough custodians using personal email addresses for official business include Defendant Rendo forwarding an email about Galaxy Gardens from his personal email account at crendo@aol.com; Jeffrey Goldsmith discussing an upcoming Borough newsletter that reports on Galaxy Gardens from a non-Borough email account at jeffrey.goldsmith@morganstanley.com; Dana Cassell discussing Galaxy Gardens from a personal email account at danacassell@optonline.com; Jean Bae discussing the Borough

newsletter from a personal email account at jbae@verizon.net; Justin Cohen discussing his connections to Valley Chabad from a personal email account at jcohe11@gmail.com; and Yunaima Rodriguez writing about Valley Chabad's application from a personal email account at yunihd@yahoo.com.  **Pick Decl. Exh. BB at 11, 18, 14, 23, 32, 33.**  Pursuant to Rules 34 and 37(a)(3)(B)(iv), Defendants' refusal to produce responsive emails from private email accounts is obstructionist and prevents Plaintiffs from engaging in full and fair discovery.  Plaintiffs are entitled to an Order compelling Defendants to search for and produce all ESI responsive to Plaintiffs' documents requests from the agreed-upon custodians' personal email account using the agreed-upon search terms.

Finally, Defendants have also failed to produce emails responsive to Plaintiffs' document requests prior to 2010.  Defendants produced three emails from 2005 and one from 2006, and produced no other emails from 2005 and 2006, and no emails at all from 2000, 2001, 2002, 2003, 2004, 2007, 2008, and 2009.  Given that defendants have produced 4 emails from the 2005 to 2006 time period, it is highly probable that at the very least, emails from 2005 and later exist, and Defendants have made no representations to the contrary.  It strains credulity to suggest that not a single email exists concerning the events described, for example, in paragraphs 67 through 70, which includes the Borough's establishment of a 15-person limit for the Chabad's property, 71 through 96 of the Plaintiffs' Complaint, which includes the time period during which the Borough acquired the Hathaway property, for which the Chabad had a contract to purchase, or 358 through 367, which involved enforcement actions taken by Borough officials against the Chabad.  (Dkt. #1.)  Plaintiffs' RPDs specify "the relevant time period to which these requests refer is January 1, 2000 to the present day."  **Pick Decl. Exhs. D, E, F**.  Plaintiffs purchased the property in 1998 and have been attempting to relocate or expand for many years.

Pursuant to Rules 34 and 37(a)(3)(B)(iv), Plaintiffs are entitled to an Order compelling Defendants to produce all outstanding Responses and Objections to RPDs, all ESI responsive to Plaintiffs' documents requests from the agreed-upon custodians' personal email accounts using the agreed-upon search terms, and all responsive emails sent between 2001 and 2010.

## II.  REQUEST FOR FEES AND SANCTIONS.

In granting Plaintiffs relief, Federal Rule of Civil Procedure 37(a)(5) provides for an award to the Plaintiffs of reasonable expenses, including attorney's fees, associated with the filing of this Motion, so long as (1) Plaintiffs attempted in good faith to obtain the discovery; (2) the Defendants' failure to supplement and provide responsive answers was not justified; or (3) there do not exist other circumstances to make an award unjust.  These conditions are met here.  As detailed above, Plaintiffs' counsel contacted Defendants' counsel in good faith on numerous occasions (including written communications on August 3, 2018, September 7, 2018, December 13, 2018, and May 20, 2019) to no avail.  Defendants repeatedly ignored Court-ordered deadlines without providing any reasonable justification for their failure to comply with their discovery obligations.  Plaintiffs' attempts to confer with Defendants about these issues were largely met with silence.  Defendants' extreme delays in responding to Plaintiffs' discovery requests have prevented Plaintiffs from preparing their case in this litigation.  Plaintiffs served their initial discovery requests on July 7, 2017, and, almost two full years later, Plaintiffs still do not have the discovery described above.  Defendants' delay tactics have resulted in prejudice to Plaintiffs, and therefore justify an award of fees and expenses.  *See TD Auto Fin. LLC v. Cinema Car II, Inc.,* No. 2:13-CV-4230-JLL-JAD, 2014 WL 5410647, at *2 (D.N.J. Oct. 23, 2014). (requiring Defendant to pay attorneys' fees and expenses incurred in connection with Plaintiffs' motion to compel).

Additionally, "Rule 37 of the Federal Rules of Civil Procedure governs sanctions against litigants who fail to make or cooperate in discovery." *Sylvan Learning Sys., Inc. v. Gordon*, No. 98-CV-2146, 1998 WL 34064495, at *2 (D.N.J. Dec. 15, 1998).   Under Rule 37(b)(2)(A), if a party fails to obey an order to provide discovery, the court may issue further just orders which may include:

> (i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)  striking pleadings in whole or in part;
>
> (iv)  staying further proceedings until the order is obeyed;
>
> (v)  dismissing the action or proceeding in whole or in part;
>
> (vi)  rendering a default judgment against the disobedient party; or
>
> (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The Third Circuit has identified factors to be considered in determining the appropriateness of a default judgement:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Edelson v. Cheung*, No. 213CV5870JLLJAD, 2017 WL 150241, at *5 (D.N.J. Jan. 12, 2017) (citing *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984)).   "Significantly, '[n]ot all of these factors need be met for a district court to find [default] is warranted.'"  *Sylvan Learning,* 1998 WL 34064495, at *3 (quoting *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988)). *See also Gov't Employees Ins. Co. v. Zuberi,* No. CV 15-4895 (JLL), 2017 WL 4790383, at *6

(D.N.J. Oct. 23, 2017) ("Defendants were given more than ample opportunity to cure their discovery deficiencies to no avail. In other words, Defendants have no one to blame but themselves. Accordingly, the culpable conduct factor greatly weighs in favor of granting default judgment in favor of Plaintiffs."); *Howard Johnson Int'l, Inc. v. Kil Su Kim, No.* CIV. 11-3438 JLL, 2012 WL 6568438, at *4 (D.N.J. Dec. 17, 2012), *report and recommendation adopted*, No. CIV.A. 11-3438 JLL, 2013 WL 56826 (D.N.J. Jan. 3, 2013) ("The defendants' conduct has stalled this entire litigation for months. Accordingly, the Undersigned finds that it is appropriate to strike defendants' Answer and Counterclaims, and to enter default judgment for plaintiff."); *Swift v. Pandey*, No. 213CV650JLLJAD, 2015 WL 6687606, at *3 (D.N.J. Oct. 30, 2015) (suppressing Defendants' defenses and striking their Answer and Counterclaims for failure to answer discovery).

In this case, Defendants' unresponsiveness to Plaintiffs' numerous good faith attempts to resolve the issues described above and blatant disregard for at least five court Orders (ignoring deadlines in court Orders from November 8, 2017, April 20, 2018, August 13, 2018, November 26, 2018, and February 11, 2019) has stalled this litigation for over a year, and is certainly evidence of a history of dilatory conduct and bad faith.  This is a case about a religious organization that has been seeking to construct a place of worship to serve its members in the Borough of Woodcliff Lake for over a decade and has been blocked by Defendants at every turn.  Through their consistent avoidance of their discovery obligations, Defendants have succeeded in continuing this harm for another extended period.  Defendants' ongoing disregard of Court-imposed deadlines and their longstanding refusal to cooperate with Plaintiffs to resolve discovery issues have extended the harm Plaintiff has suffered, prevented Plaintiffs from preparing their case, wasted the Court's time and resources, and caused Plaintiffs to incur significant additional expense, and as a

result warrant the imposition of additional sanctions including striking Defendants' answer and rendering a default judgment against Defendants.

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that this Court order the following:

(a)     That the Defendants provide complete answers to the Interrogatories as set forth in the August 3, 2018 letter;

(b)     That Defendants Borough and Rendo provide responses to Plaintiffs' Requests for Production of Documents;

(c)     That Defendants produce emails responsive to Plaintiffs' document requests from the custodians' personal email accounts;

(d)     That Defendants produce emails responsive to Plaintiffs' document requests from January 1, 2000 to December 31, 2009;

(e)     That the Court award attorney's fees and costs associated with the filing of this Motion to the Plaintiff.

(f)     That the Court impose other sanctions including striking Defendants' answer and rendering a default judgment, and other sanctions as the Court deems appropriate.

Dated:  June 7, 2019                                 Respectfully submitted,

                                                     **STORZER & ASSOCIATES, P.C.**

                                                     /s/ Robin N. Pick
                                                     Sieglinde K. Rath
                                                     Roman P. Storzer
                                                     Robin N. Pick
                                                     Storzer & Associates, P.C.

17

9433 Common Brook Road, Ste 208
Owings Mills, MD 21117
rath@storzerlaw.com
storzer@storzerlaw.com
pick@storzerlaw.com
(410) 559-6325

*Attorneys for Plaintiffs*

18

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent via ECF on June 7, 2019, to all counsel of record, including:

Brent R. Pohlman
Eric L. Harrison
Methfessel & Werbel, P.C. 2025
Lincoln Highway, Suite 200
Edison, NJ 08818
pohlman@methwerb.com
harrison@methwerb.com

Henry E. Klingeman, Esq.
Helen A. Nau, Esq.
Krovatin Klingeman LLC
60 Park Place, Suite 1100
Newark, New Jersey 07102
hklingeman@krovatin.com
hnau@krovatin.com

Michael E. Campion
Susan Millenky
U.S. Department of Justice
United States Attorney
District of New Jersey- Civil Division
970 Broad Street, Suite 700
Newark, NJ 07102
Michael.Campion@usdoj.gov
susan.millenky@usdoj.gov

/s/ Robin N. Pick
Robin N. Pick
*Attorney for Plaintiff*