**STORZER & ASSOCIATES, P.C.**
Sieglinde K. Rath
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Ave., N.W. Suite 1000
Washington, D.C. 20036
Tel: 202.857.9766
Fax: 202.315.3996

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **VALLEY CHABAD, INC., a New Jersey nonprofit corporation, and RABBI DOV DRIZIN,** | |
| **Plaintiffs,** | Civ. No. 2:16-cv-08087-JLL-JAD |
| **v.** | |
| **BOROUGH OF WOODCLIFF LAKE, N.J. and ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF WOODCLIFF LAKE, N.J., CARLOS RENDO,** individually and in his capacity as the Mayor of the Borough of Woodcliff Lake, and **PAUL BECHTEL, in his official capacity as Property Maintenance Officer of the Borough of Woodcliff Lake,** | **PLAINTIFF VALLEY CHABAD, INC.'S FIRST SET OF INTERROGATORIES TO THE BOROUGH OF WOODCLIFF LAKE, N.J.** |
| **Defendants.** | |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Valley Chabad, Inc.

hereby requests that the Defendant Borough of Woodcliff Lake provide responses to the

1

following Interrogatories and within the time and manner prescribed by the Federal Rules of Civil Procedure and the Court's Amended Pretrial Scheduling Order. These Interrogatories are continuing, so as to require supplemental answers should you obtain further information between the time the answers are served and the time of trial. All answers formulated upon the basis of knowledge and information other than firsthand knowledge of the person answering these interrogatories should indicate the source of the knowledge or information that forms the basis of the answer.

## **INSTRUCTIONS**

1.     In response to these Interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry including, but not limited to, information in your possession, in the possession of your officers, employees, representatives, attorneys, accountants, advisors, consultants, contractors or agents or other persons directly or indirectly employed by or connected with you or your officers, employees, representatives, attorneys, accountants, advisors, consultants, contractors or agents and other person(s) otherwise under your control.

2.     If, in responding to these interrogatories, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3.     If production of any information is objected to on the grounds that responding is unduly burdensome, describe the burden or expense of the proposed discovery.

4.     If production of any information is objected to for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each interrogatory please state the reason for withholding the information.

5.     In responding to these inquiries and requests, you must make a diligent search of all documents and communications in your possession, available to you, by you, any officers, employees, agents, representatives, associates, attorneys, accountants, third-parties or any other person(s) under your control.

6.     If an individual inquiry or request has subparts, you must respond to each part separately and in full; do not limit your response to the request as a whole.  If any individual inquiry or request cannot be responded to in full, you must respond to the extent possible.

7.     If you claim that you cannot or may not, for whatever reason, respond to some of the interrogatories, you must nevertheless respond to the remaining interrogatories by **September 15, 2017**.

8.     If any of the individual inquiries or requests is vague, indefinite or ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will be promptly clarified in a reply letter.  If any individual inquiry or request (or subpart thereof) is deemed by You to be unduly burdensome, please send a letter to the undersigned counsel specifying all of the reasons why You deem the request to be unduly burdensome and stating whatever information and knowledge You have of the information or Documents called for in the request; and, if reasonable and necessary, an attempt will be made to rephrase the request (or subpart thereof) in a reply letter to lessen the burdens of compliance.  Any such reply letter may

3

be treated by the parties to whom it is addressed as a modification of that particular request and only that request.

9.     If you withhold any response (or portion of a full response) to any inquiry or request on the basis of a privilege, please identify the privilege claimed (including reference to the statute, rule or decision which is claimed to give rise to the privilege) and describe the general topic of the information you claim to be privileged to the extent possible in a manner consistent with the claimed privilege.  If the information as to which privilege is claimed is contained in a document, identify each such document, stating where applicable:

     a.     the name and title or position of the author and sender of the document;

     b.     the name and title or position of each and every person to whom the document was sent;

     c.     the date of the document;

     d.     a brief description of the subject matter and length of the document and or each attachment, appendix and exhibit thereto;

     e.     the name and title or position of each and every person having knowledge of the factual basis on which the privilege is asserted;

     f.     the name and title or position of each person on whose behalf the privilege is asserted; and

     g.     the name and title or position of each person having possession, custody or control over the document.

When a response contains both privileged and nonprivileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.

10.    Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in a relevant trade or industry, in which case they shall be interpreted in accordance with such custom and usage definition.  In construing the inquiries and requests herein: (i) the singular shall include the plural and the plural shall include the singular; (ii) a masculine, feminine or neuter pronoun shall not exclude the other genders; and (iii) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production.

11.    Unless otherwise specified, the relevant time period to which these interrogatories and requests refer is January 1, 2000 to the present day.  However, if any information prior to January 1, 2000 is necessary for a correct or complete understanding of any interrogatory, the earlier information is to be provided as well.  Likewise, if a document prepared before January 1, 2000 is necessary for a correct or complete understanding of any document covered by these requests, the earlier document is to be produced as well.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production request.

12.    If identifying documents in response to these Interrogatories, all Instructions in Plaintiffs' First Set of Document Requests shall be deemed as if fully set forth herein.

13.    If the interrogatory response identifies a document or is based upon a document, please furnish the document and identify it by Bates No. or other identifying number.

14.    The present tense includes the past and future tenses.

## DEFINITIONS

The following terms shall, wherever capitalized herein, have the definitions set forth below.

"**Communication**" means the transmission, sending or receipt of information of any kind by or through any means including, but not limited to, speeches, writings, language (computer, foreign or otherwise), computer electronic means of any kind (including, but not limited to, "e-mail", "websites", "Internet usage", and servers containing such communication, regardless of their location), personal data assistants (PDAs), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks," compact discs, CD-ROM/DVD discs, flash memory devices, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind.  The term "Communication" shall also mean, without limitation, all documents (as defined below) and all inquiries, discussions, conversations, negotiations, conferences, agreements, understandings, meetings, notices, requests, responses, demands, claims, rejections, complaints, or press, publicity or trade releases.

"**Control**" means, with respect to a Person (as defined below), having the power to direct, or to cause the direction of, the affairs or policies of such Person, whether directly or indirectly, by statute, regulation, ownership, contract, or otherwise.

"**Board**" means the Woodcliff Lake Borough Zoning Board of Adjustment.

"**Borough**" means, without limitation, the Borough of Woodcliff Lake, New Jersey, the Borough Council, the Planning Board, and any of its bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Borough Staff, and any other Persons acting or purporting to act on behalf of the Borough and any Person having Control of, under common Control with, or under the Control of the Borough of Woodcliff Lake, New Jersey and any of their bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives.

"**Document**" is intended to be interpreted in the broadest possible sense and means, without limitation, all Communications which are stored or retrievable or recorded in any manner in addition to any writing or other record of information or images, including, but not limited to printed matter, print, handwritings, photographs, films, recordings, memoranda, notes, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, e-mails, compact discs, CD-ROM/DVD discs, data, flash memory devices, servers (regardless of location), magnetic tape, videotape, magnetic or optical disks, "floppy disks," telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, investigations, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, Telephone Records (as defined below), desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punch

cards, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, Internet uses, websites (including, but not limited to, the world wide web, intranets and internal websites and postings accessible by the Defendants and those working with the Defendants), stock certificates and securities.   The term "Document" shall also include preliminary drafts (handwritten or otherwise) or revisions or copies of any Document if the copy is in any way different from the original, documents in Your possession, custody or control, or in the possession, custody or control of Your agents, employees, servants, consultants, contractors, agents, representatives, counsel or other Persons acting or purporting to act on Your behalf.   The term "Document" shall also include all Documents whether or not used and all Documents relied upon   in   formulating   any   opinions,   advice,   proposals,   suggestions,   solutions,   or recommendations.

"**Person**" means any natural person, governmental body, governmental association, joint venture, partnership or corporation, trust, association, group, assembly, organization, or any kind of business or legal entity, whether incorporated or unincorporated and whether for profit or not-for-profit.

"**Plaintiffs**" means Valley Chabad, Inc. and/or Rabbi Dov Drizin

"**Plaintiffs' Application**" means Plaintiffs' Use and Bulk Variance and Preliminary and Final Site Plan submitted to the Borough of Woodcliff Lake Board of Adjustment for Block 908, Lot 1.

"**Resolution**" means the Borough of Woodcliff Lake Zoning Board of Adjustment's Resolution of Denial of Plaintiff's Application, dated October 6, 2016.

"**Relating to**" means concerning, evidencing, containing, describing, embodying, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, reflecting, incorporating, effecting, referring to, including or otherwise pertaining to, either directly or indirectly, or being in any way logically or factually connected with, the subject matter of the inquiry or request.

"**Telephone Records**" means, without limitation, diaries, telephone directories, Rolodexes, records, address books, telephone logs, recordings of telephone conversations (including electronic or computer recordings), personal data assistants (PDAs), and telephone bills (both local and long distance).

"**You**" and "**Your**" refer to each of the Defendants, both individually and collectively.

"**Subject Property**" is defined as the parcels of land described at paragraph 16 of Plaintiffs' Complaint.

## PLAINTIFF VALLEY CHABAD, INC'S FIRST SET OF INTERROGATORIES TO DEFENDANT BOROUGH OF WOODCLIFF LAKE

1. Identify all individuals who assisted in or contributed to responding to all of Plaintiffs' discovery requests.

2. Please state the names and present addresses of all persons known or believed by you, your attorneys, agents, representatives, or others acting in your behalf to have knowledge of any facts which are relevant to the subject matters of this action, whether pertaining to the issue of liability or damages, or who have or are believed by you, your attorneys, agents, representatives or others to have knowledge of discoverable matters pertinent to the subject matter of this action.

3.      Please list all text amendments to the Code of the Borough of Woodcliff Lake concerning "Houses of Worship" since January 1, 1990.  State the date and specific nature of each, together with a list of all documents associated with the amendments as well as minutes, transcripts or recordings of meetings at which such amendments or changes were considered.

4.      Please list all land use applications that have been filed with the Borough of Woodcliff Lake including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning or otherwise, for houses of worship within the Borough since January 1, 2000, including the date on which they were filed, the outcome of such applications and the date when they were granted, denied or otherwise resolved.

5.      Please list all land use applications that have been filed with the Borough of Woodcliff Lake including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning or otherwise, for any assembly or institutional land uses, including but not limited to schools or other educational institutions, day care centers, vocational schools, hospitals or other medical facilities, auditoriums, stadiums, halls, clubs, lodges, youth centers, social organizations or camps, convalescent or nursing homes, correctional facility or correctional placement residence, conference centers, commercial recreation or theaters, within the Borough of Woodcliff Lake since January 1, 2000, including the date on which they were filed, the outcome of such applications and the date when they were granted, denied or otherwise resolved.

6.   Please identify all governmental interests addressed by the Borough's three-acre "Lot Area" requirement for Houses of Worship, as stated in § 380.13 of the Code of the Borough of Woodcliff Lake.

7.   Please identify all governmental interests addressed by the Borough's setback requirements for a house of worship, as stated in § 380.13 of the Code of the Borough of Woodcliff Lake.

8.   Please identify all governmental interests addressed by the Borough's maximum building coverage and impervious coverage requirements for a house of worship, as stated in § 380.13 of the Code of the Borough of Woodcliff Lake.

9.   Please identify all governmental interests addressed by the Borough's height requirements for a house of worship, as stated in § 380.13 of the Code of the Borough of Woodcliff Lake.

10.  Please list all communications between or among the Borough, the Planning Board, and any of the Borough's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Borough Staff, and any other Persons acting or purporting to act on behalf of the Borough or with the Board or any third parties concerning the Plaintiffs' use of the Subject Property, including any application for variance filed by Plaintiffs.  Please state the names of all parties to such communications, the substance of the communication and the approximate date.

11.  Please state when the Borough first learned of the Plaintiffs' execution of a contract to acquire the Galaxy Gardens property and set forth the (a) date of same; (b) parties to same; (c) nature of the communication; and (d) substance of communication.

11

12.     Please identify any and all communications the Borough had with the Plaintiffs and/or any third party regarding the Plaintiffs' acquisition of the Galaxy Gardens property.

13.     Please state what is the Borough's preferred land use of the Galaxy Gardens property.

14.     Please identify any and all communications the Borough had with the Plaintiffs and/or any third party regarding the Plaintiffs' acquisition of property on County Line Road, including, but not limited to the Schnor, Zarella and Kerlopian properties discussed at paragraphs 90-109 of Plaintiffs' Complaint.

15.     Please list all communications between or among the Borough, the Planning Board, and any of the Borough's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Borough Staff, and any other Persons acting or purporting to act on behalf of the Borough or with the Board and the Woodcliff Lake Basketball Association concerning the Plaintiffs, Plaintiffs' use of the Subject Property, and/or Friendship Circle Sports League. For each such communication, please set forth (a) the names of all parties to such communications; (b) the mode of same; (c) the substance of the communication; and (d) the approximate date.

16.     Please list all communications between or among the Borough, the Planning Board, and any of the Borough's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Borough Staff, and any other Persons acting or purporting to act on behalf of the Borough or with the Board and the Woodcliff Lake School District and/or Woodcliff Lake Board of Education concerning the Plaintiffs, Plaintiffs' use of the Subject Property, and/or Friendship Circle Sports League.  For each such communication, please set forth (a) the names of all parties to

12

such communications (b) the mode of same (c) the substance of the communication  and (d) the approximate date.

17.   Please list by date, amount and nature thereof, any and all fines and/or assessments made regarding the Plaintiffs' Subject Property by the Borough, including but not limited to the Fire Official of the Borough and the Zoning Code Enforcement Official of the Borough.

18.   Please list by date, amount and nature thereof, any and all fines and/or assessments made regarding 51 Mill Extension Road by the Borough, including but not limited to the Fire Official of the Borough and the Zoning Code Enforcement Official of the Borough.

19.   Please list by date, nature thereof, and outcome, any and all inspections conducted at the property located at 51 Mill Extension Road by Borough, including but not limited to the Fire Official of the Borough and the Zoning Code Enforcement Official of the Borough.

20.   Please list by date, nature thereof and outcome, any and all inspections conducted at the Subject Property by the Borough, including but not limited to the Fire Official of the Borough and the Zoning Code Enforcement Official of the Borough.

21.   State whether the Borough has ever denied a land use application of any nature for a house of worship and if the answer is in the affirmative, set forth in detail the identify of the applicant, application number, date of application, requested relief, tax parcel involved, date of denial and reason for denial.

22.   State whether the Borough has ever identified a property within its jurisdiction that would have been suitable for the Plaintiffs' proposed house of worship and, if the answer is in the affirmative, identify same by tax parcel number, state your reasons why such property

was determined to have been suitable, and state whether and how such determination was communicated to Plaintiffs.

23.    If you contend that there are other properties available within the Borough for the Plaintiffs' proposed religious use and/or house of worship, identify same by tax parcel number and state your reasons in support of said contention.

24.    If you contend that there are properties within the Borough that meet the requirements for a house of worship as stated in § 380.13(A) of the Code of the Borough of Woodcliff Lake, identify same by tax parcel number and state your reasons in support of said contention.

25.    Please state whether you contend that you have any governmental interest in prohibiting the Plaintiffs from using the Subject Property as a religious institution or house of worship, and, if your answer is in the affirmative, for each such governmental interest asserted, set forth in detail the nature of the interest, whether the Borough considered any less restrictive means to achieve such interest, and if so, the reason each such less restrictive means was rejected.

26.    Please state whether the Borough is contending that the proposed use of the Subject Property by the Plaintiffs as a religious institution or house of worship would impact traffic near the Subject Property and, if your answer is in the affirmative, set forth the nature of the impact, the factual basis for contending same, whether any persons have opined on this issue and identify same, including date, and whether any persons have conducted a traffic study relating to the property and identify same including date.

27.    Please state whether the Borough is contending that the proposed use of the Subject Property by the Plaintiffs as a religious institution or house of worship would impact pedestrian safety near the Subject Property and, if your answer is in the affirmative, set forth the nature of the impact, the factual basis for contending same, whether any persons have opined on this issue and identify same, including date, and whether any persons have conducted any study relating to the Subject Property and identify same including date.

28.    State the basis and purpose of the amendment to the Borough code with Ordinance No. 16-02 and all facts that led to the adoption of that amendment.

29.    Identify any Borough official, employee, agent, attorney, and member of the Planning Board and/or Board who made any public statements in any capacity, whether official or unofficial, in blogs, on-line forums, newspapers, or at civic or governmental meetings concerning the Subject Property, the proposed Chabad, development in the Borough, development in the neighboring areas including the Town of Ramapo and/or Monsey and/or Jews, including Hasidic Jews and Orthodox Jews, whether such statements were made under the individual's actual name, an alias or anonymously, and identify any such statement.

30.    Identify all Borough residents or other third party individuals with whom any Borough official orally communicated regarding the Plaintiffs' proposed use of the Subject Property.  For each such resident, state (a) which Borough official(s) communicated with the resident; (b) the date of same;  (c) who was present during the communications; and (d) the sum and substance of the communications.

31.     Identify all individuals and entities from whom candidates for Borough office received aid or assistance for their campaigns for Borough Council from 2010 through the present.

32.     Identify all houses of worship in the Borough.

33.     Identify all facts which support your contention in paragraph 35 of your Answer that the Plaintiffs' current use of the subject property is not a house of worship and/or an Orthodox Jewish facility.

34.     Identify all facts which support your contention in paragraph 72 of your Answer that "some limited and unsuccessful attempts were made by the Chabad to obtain property in Woodcliff Lake, however the Chabad voluntarily cancelled all contracts and efforts."

35.     Identify all facts which support your contentions in paragraph 75 of your Answer that "Plaintiffs abandoned all attempts to obtain a property that was at least three acres in size and had 400 feet of frontage" and "Plaintiffs have voluntarily cancelled contracts and efforts to obtain property including, but not limited to, the Higgins property in Hillsdale, New Jersey (still undeveloped), the Hathaway property, the County Road property and the Galaxy Gardens property."

36.     Identify all facts which support your contention in paragraph 88 of your Answer that the "property is used for recreational purposes."

37.     Identify all facts known to the Borough regarding why Kerlopian terminated his contract with the Plaintiffs in Fall of 2012.

38.     Identify all facts which support your denial in paragraph 171 of your Answer that "a search for alternate properties in the Borough was made . . . ."

39.   Identify all facts which support your contention in paragraph 366 of your Answer that there were citizen complaints and list same including the individual complaining, date of complaint, and substance of same.

40.   Please list all communications between or among the Borough, the Planning Board, and any of the Borough's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Borough Staff, and any other Persons acting or purporting to act on behalf of the Borough or with the Board and the Hilton Woodcliff Lake concerning the Plaintiffs and/or Plaintiffs' use of the Subject Property.   For each such communication, please set forth (a) the names of all parties to such communications (b) the mode of same (c) the substance of the communication  and (d) the approximate date.

**STORZER & ASSOCIATES, P.C.**

By: ___/s/_____
Sieglinde K. Rath
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Avenue
Suite One Thousand
Washington, D.C. 20036
rath@storzerlaw.com
Tel: (202) 857-9766
Fax: (202) 315-3996

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by electronic mail to the following

on this 17th day of July, 2017.

> **Howard Mankoff, Esq.**
> Marshall, Dennehey, Warner, Coleman & Goggin
> 425 Eagle Rock Avenue
> Suite 302
> Roseland, New Jersey  07068

> **STORZER & ASSOCIATES, P.C.**
>
> By: ___/s/_____
> Sieglinde K. Rath
> Robert L. Greene, *admitted pro hac vice*
> 1025 Connecticut Avenue
> Suite One Thousand
> Washington, D.C. 20036
> rath@storzerlaw.com
> Tel: (202) 857-9766
> Fax: (202) 315-3996

18