**STORZER & ASSOCIATES, P.C.**
Sieglinde K. Rath
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Ave., N.W. Suite 1000
Washington, D.C. 20036
Tel: 202.857.9766
Fax: 202.315.3996

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VALLEY CHABAD, INC.**, a New Jersey nonprofit corporation, and **RABBI DOV DRIZIN**,<br><br>Plaintiffs,<br><br>v.<br><br>**BOROUGH OF WOODCLIFF LAKE, N.J.** and **ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF WOODCLIFF LAKE, N.J., CARLOS RENDO**, individually and in his capacity as the Mayor of the Borough of Woodcliff Lake, and **PAUL BECHTEL**, in his official capacity as Property Maintenance Officer of the Borough of Woodcliff Lake,<br><br>Defendants. | Civ. No. 2:16-cv-08087-JLL-JAD<br><br>**PLAINTIFF VALLEY CHABAD, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT, CARLOS RENDO, INDIVIDUALLY** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Valley Chabad, Inc. hereby requests that the Defendant Borough of Woodcliff Lake provide responses to the

1

following Interrogatories and within the time and manner prescribed by the Federal Rules of Civil Procedure and the Court's Amended Pretrial Scheduling Order. These Interrogatories are continuing, so as to require supplemental answers should you obtain further information between the time the answers are served and the time of trial. All answers formulated upon the basis of knowledge and information other than firsthand knowledge of the person answering these interrogatories should indicate the source of the knowledge or information that forms the basis of the answer.

## **INSTRUCTIONS**

1. In response to these Interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry including, but not limited to, information in your possession, in the possession of your officers, employees, representatives, attorneys, accountants, advisors, consultants, contractors or agents or other persons directly or indirectly employed by or connected with you or your officers, employees, representatives, attorneys, accountants, advisors, consultants, contractors or agents and other person(s) otherwise under your control.

2. If, in responding to these interrogatories, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3. If production of any information is objected to on the grounds that responding is unduly burdensome, describe the burden or expense of the proposed discovery.

4. If production of any information is objected to for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each interrogatory please state the reason for withholding the information.

5. In responding to these inquiries and requests, you must make a diligent search of all documents and communications in your possession, available to you, by you, any officers, employees, agents, representatives, associates, attorneys, accountants, third-parties or any other person(s) under your control.

6. If an individual inquiry or request has subparts, you must respond to each part separately and in full; do not limit your response to the request as a whole. If any individual inquiry or request cannot be responded to in full, you must respond to the extent possible.

7. If you claim that you cannot or may not, for whatever reason, respond to some of the interrogatories, you must nevertheless respond to the remaining interrogatories by **September 15, 2017**.

8. If any of the individual inquiries or requests is vague, indefinite or ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will be promptly clarified in a reply letter. If any individual inquiry or request (or subpart thereof) is deemed by You to be unduly burdensome, please send a letter to the undersigned counsel specifying all of the reasons why You deem the request to be unduly burdensome and stating whatever information and knowledge You have of the information or Documents called for in the request; and, if reasonable and necessary, an attempt will be made to rephrase the request (or subpart thereof) in a reply letter to lessen the burdens of compliance. Any such reply letter may

be treated by the parties to whom it is addressed as a modification of that particular request and only that request.

      9.    If you withhold any response (or portion of a full response) to any inquiry or request on the basis of a privilege, please identify the privilege claimed (including reference to the statute, rule or decision which is claimed to give rise to the privilege) and describe the general topic of the information you claim to be privileged to the extent possible in a manner consistent with the claimed privilege. If the information as to which privilege is claimed is contained in a document, identify each such document, stating where applicable:

    a.    the name and title or position of the author and sender of the document;

    b.    the name and title or position of each and every person to whom the document was sent;

    c.    the date of the document;

    d.    a brief description of the subject matter and length of the document and or each attachment, appendix and exhibit thereto;

    e.    the name and title or position of each and every person having knowledge of the factual basis on which the privilege is asserted;

    f.    the name and title or position of each person on whose behalf the privilege is asserted; and

    g.    the name and title or position of each person having possession, custody or control over the document.

When a response contains both privileged and nonprivileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.

10. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in a relevant trade or industry, in which case they shall be interpreted in accordance with such custom and usage definition. In construing the inquiries and requests herein: (i) the singular shall include the plural and the plural shall include the singular; (ii) a masculine, feminine or neuter pronoun shall not exclude the other genders; and (iii) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production.

11. Unless otherwise specified, the relevant time period to which these interrogatories and requests refer is January 1, 2000 to the present day. However, if any information prior to January 1, 2000 is necessary for a correct or complete understanding of any interrogatory, the earlier information is to be provided as well. Likewise, if a document prepared before January 1, 2000 is necessary for a correct or complete understanding of any document covered by these requests, the earlier document is to be produced as well. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production request.

12. If identifying documents in response to these Interrogatories, all Instructions in Plaintiffs' First Set of Document Requests shall be deemed as if fully set forth herein.

13. If the interrogatory response identifies a document or is based upon a document, please furnish the document and identify it by Bates No. or other identifying number.

14. The present tense includes the past and future tenses.

## DEFINITIONS

The following terms shall, wherever capitalized herein, have the definitions set forth below.

"**Communication**" means the transmission, sending or receipt of information of any kind by or through any means including, but not limited to, speeches, writings, language (computer, foreign or otherwise), computer electronic means of any kind (including, but not limited to, "e-mail", "websites", "Internet usage", and servers containing such communication, regardless of their location), personal data assistants (PDAs), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks," compact discs, CD-ROM/DVD discs, flash memory devices, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind. The term "Communication" shall also mean, without limitation, all documents (as defined below) and all inquiries, discussions, conversations, negotiations, conferences, agreements, understandings, meetings, notices, requests, responses, demands, claims, rejections, complaints, or press, publicity or trade releases.

"**Control**" means, with respect to a Person (as defined below), having the power to direct, or to cause the direction of, the affairs or policies of such Person, whether directly or indirectly, by statute, regulation, ownership, contract, or otherwise.

"**Board**" means the Woodcliff Lake Borough Zoning Board of Adjustment.

"**Borough**" means, without limitation, the Borough of Woodcliff Lake, New Jersey, the Borough Council, the Planning Board, and any of its bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Borough Staff, and any other Persons acting or purporting to act on behalf of the Borough and any Person having Control of, under common Control with, or under the Control of the Borough of Woodcliff Lake, New Jersey and any of their bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives.

"**Document**" is intended to be interpreted in the broadest possible sense and means, without limitation, all Communications which are stored or retrievable or recorded in any manner in addition to any writing or other record of information or images, including, but not limited to printed matter, print, handwritings, photographs, films, recordings, memoranda, notes, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, e-mails, compact discs, CD-ROM/DVD discs, data, flash memory devices, servers (regardless of location), magnetic tape, videotape, magnetic or optical disks, "floppy disks," telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, investigations, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, Telephone Records (as defined below), desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punch

cards, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, Internet uses, websites (including, but not limited to, the world wide web, intranets and internal websites and postings accessible by the Defendants and those working with the Defendants), stock certificates and securities. The term "Document" shall also include preliminary drafts (handwritten or otherwise) or revisions or copies of any Document if the copy is in any way different from the original, documents in Your possession, custody or control, or in the possession, custody or control of Your agents, employees, servants, consultants, contractors, agents, representatives, counsel or other Persons acting or purporting to act on Your behalf. The term "Document" shall also include all Documents whether or not used and all Documents relied upon in formulating any opinions, advice, proposals, suggestions, solutions, or recommendations.

"**Person**" means any natural person, governmental body, governmental association, joint venture, partnership or corporation, trust, association, group, assembly, organization, or any kind of business or legal entity, whether incorporated or unincorporated and whether for profit or not-for-profit.

"**Plaintiffs**" means Valley Chabad, Inc. and/or Rabbi Dov Drizin

"**Plaintiffs' Application**" means Plaintiffs' Use and Bulk Variance and Preliminary and Final Site Plan submitted to the Borough of Woodcliff Lake Board of Adjustment for Block 908, Lot 1.

"**Resolution**" means the Borough of Woodcliff Lake Zoning Board of Adjustment's Resolution of Denial of Plaintiffs' Application, dated October 6, 2016.

"**Relating to**" means concerning, evidencing, containing, describing, embodying, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, reflecting, incorporating, effecting, referring to, including or otherwise pertaining to, either directly or indirectly, or being in any way logically or factually connected with, the subject matter of the inquiry or request.

"**Telephone Records**" means, without limitation, diaries, telephone directories, Rolodexes, records, address books, telephone logs, recordings of telephone conversations (including electronic or computer recordings), personal data assistants (PDAs), and telephone bills (both local and long distance).

"**You**" and "**Your**" refer to each of the Defendants, both individually and collectively.

"**Subject Property**" is defined as the parcels of land described at paragraph 16 of Plaintiffs' Complaint.

## PLAINTIFF VALLEY CHABAD, INC'S FIRST SET OF INTERROGATORIES TO DEFENDANT, CARLOS RENDO, INDIVIDUALLY

1. Please state the names and present addresses of all persons known or believed by you, your attorneys, agents, representatives, or others acting in your behalf to have knowledge of any facts which are relevant to the subject matters of this action, whether pertaining to the issue of liability or damages, or who have or are believed by you, your attorneys, agents, representatives or others to have knowledge of discoverable matters pertinent to the subject matter of this action.

2. Please list all communications between or among you and any third parties concerning the Plaintiffs' use or proposed use of the Subject Property, including any application for

9

       variance filed by Plaintiffs. Please state the names of all parties to such communications, the substance of the communication, and the approximate date.

3. Please state when you first learned of the Plaintiffs' proposal to expand its use of the Subject Property as a house of worship.

4. Please state when you first learned of the Plaintiffs' execution of a contract to acquire the Galaxy Gardens property and the identity of the person advising you of same.

5. Please identify all communications between or among you and the Woodcliff Lake Basketball Association and/or Borough Board of Education concerning the Friendship Circle Sports League. Please state the names of all parties to such communications, the substance of the communication and the approximate date.

6. State your full name, address, date and place of birth, and Social Security number.

7. Identify all documents that may relate to this action, and attach copies of each such document.

8. If any photographs, videotapes, audiotapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the complaint, describe: (a) the number of each; (b) what each shows or contains; (c) the date taken or made; (d) the names and addresses of the persons who made them; (e) in whose possession they are at present; and (f) if in your possession, attach a copy, or if not subject to convenient copying, state the location where inspection and copying may take place.

9. If you and the Plaintiffs have had any communications, including emails, concerning the subject matter of this lawsuit, state: (a) the date of the communication; (b) the name and

address of each participant; (c) the name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

10. If you have obtained a statement from any person not a party to this action, state: (a) the name and present address of the person who gave the statement; (b) whether the statement was oral or in writing and if in writing, attach a copy; (c) the date the statement was obtained; (d) if such statement was oral, whether a recording was made, and if so, the nature of the recording and the name and present address of the person who has custody of it; (e) if the statement was written, whether it was signed by the person making it; (f) the name and address of the person who obtained the statement; and (g) if the statement was oral, a detailed summary of its contents.

11. State whether you have ever been convicted of a crime. If the answer is "yes", state: (a) date; (b) place; and (c) nature.

12. State whether you have ever been a party to a lawsuit or claim and, if the answer is in the affirmative, set forth in detail for each (a) the nature of same; (b) the date of same; (c) the parties to same; (d) the resolution of same; and (e) attach any and all documents in your possession relating to same to these Answers.

13. Please state whether you have ever contacted the tax assessor and/or tax collector for the Borough regarding the Subject Property and, if your answer is in the affirmative, set forth in detail for each (a) date of same, (b) parties to same, (c) purpose of same, and (d) substance of same.

14. State whether you have attended any meetings of individuals or groups, other than Borough Council meetings, where the Plaintiffs or Plaintiffs' application was discussed, and, if your answer is in the affirmative, set forth for each (a) the date of the communication; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

15. State whether you have communicated, including by email, with any other person or entity regarding the Friendship Circle Sports League and/or Plaintiffs' use of property managed by the Woodcliff Lake Board of Education and, if your answer is in the affirmative, set forth for each (a) the date of the communication; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

16. State whether you have communicated, including by email, with any other person or entity regarding Plaintiffs' acquisition of the Galaxy Gardens property and, if your answer is in the affirmative, set forth for each (a) the date of the communication; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

17. State whether you have communicated, including by email, with "Responsible Citizens of Woodcliff Lake" and, if your answer is in the affirmative, set forth for each (a) the date

of the communication; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

18. State whether you have communicated, including by email, with "Woodcliff Lake Residents for Reasonable Development" and, if your answer is in the affirmative, set forth for each (a) the date of the communication; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

19. State whether you have communicated, including by email, with "Concerned Neighbors & Residents of Woodcliff Lake, Inc." and, if your answer is in the affirmative, set forth for each (a) the date of the communication; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

20. State whether you maintain agendas, diaries, calendars or logs, and where they are located.

21. State whether you have distributed any campaign flyers, pamphlets, brochures, mailings and written distributions of any nature in the Borough and, if your answer is in the affirmative, set forth for each the date and description of same.

22. State whether you maintain or have maintained a Facebook account, setting forth the dates of maintaining the account and the name on the account.

23. Set forth any groups, including secret or closed groups, that you have been a member of on Facebook.

24. State whether you have had any communications, including, emails with Paul Bechtel regarding the Plaintiffs and/or the use of the Subject Property and, if your answer is in the affirmative, set forth for each (a) the date of the communication; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

25. State whether you have participated in or attended any meetings, other than Borough Council meetings, relating to the Galaxy Gardens property and, if your answer is in the affirmative, set forth for each (a) the date of the meeting; (b) the name and address of each participant; (c) the name and address of each person present at the time of such meeting; (d) where such meeting took place; and (e) a summary of what was said by each party participating in the meeting.

26. State whether you have participated in or attended meetings of the Responsible Citizens of Woodcliff Lake and if your answer is in the affirmative, set forth for each (a) the date of the meeting; (b) the name and address of each participant; (c) the name and address of each person present at the time of such meeting; (d) where such meeting took place; and (e) a summary of what was said by each party participating in the communication.

27. State whether you have participated in or attended meetings of the "Woodcliff Lake Residents for Reasonable Development" and if your answer is in the affirmative, set forth for each (a) the date of the meeting; (b) the name and address of each participant; (c) the name and address of each person present at the time of such meeting; (d) where such meeting took place; and (e) a summary of what was said by each party participating in the communication.

28. State whether you have participated in or attended meetings of the "Concerned Neighbors & Residents of Woodcliff Lake, Inc." and if your answer is in the affirmative, set forth for each (a) the date of the meeting; (b) the name and address of each participant; (c) the name and address of each person present at the time of such meeting; (d) where such meeting took place; and (e) a summary of what was said by each party participating in the communication.

29. State whether you have heard any statement uttered by Borough residents that were critical of Hasidic Jews, Orthodox Jews, or Monsey, New York and, if your answer is in the affirmative, set forth for each statement (a) the date of the statement; (b) the name of the resident uttering such statement; (c) where such statement was made; and (d) a summary of such statement.

**STORZER & ASSOCIATES, P.C.**

By: ___/s/_____
Sieglinde K. Rath
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Avenue
Suite One Thousand
Washington, D.C. 20036

rath@storzerlaw.com
Tel: (202) 857-9766
Fax: (202) 315-3996

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by electronic mail, to the following on this 17th day of July, 2017.

**Howard Mankoff, Esq.**
Marshall, Dennehey, Warner, Coleman & Goggin
425 Eagle Rock Avenue
Suite 302
Roseland, New Jersey  07068

**STORZER & ASSOCIATES, P.C.**

By: ___/s/_____
Sieglinde K. Rath
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Avenue
Suite One Thousand
Washington, D.C. 20036
rath@storzerlaw.com
Tel: (202) 857-9766
Fax: (202) 315-3996