**STORZER & ASSOCIATES, P.C.**
Sieglinde K. Rath
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Ave., N.W. Suite 1000
Washington, D.C. 20036
Tel: 202.857.9766
Fax: 202.315.3996

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **VALLEY CHABAD, INC.**, a New Jersey nonprofit corporation, and **RABBI DOV DRIZIN**, <br><br> Plaintiffs, <br><br> v. <br><br> **BOROUGH OF WOODCLIFF LAKE, N.J.** and **ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF WOODCLIFF LAKE, N.J., CARLOS RENDO,** individually and in his capacity as the Mayor of the Borough of Woodcliff Lake, and **PAUL BECHTEL**, in his official capacity as Property Maintenance Officer of the Borough of Woodcliff Lake, <br><br> Defendants. | Civ. No. 2:16-cv-08087-JLL-JAD <br><br> **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BOROUGH OF WOODCLIFF LAKE, N.J. ZONING BOARD OF ADJUSTMENT** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiffs hereby request that the Defendant Borough of Woodcliff Lake Zoning Board of Adjustment respond to this Request within the time and manner prescribed by the Federal Rules of Civil Procedure and the

1

Court's Amended Pretrial Scheduling Order. This Request is continuing, so as to require supplemental responses should you obtain further documents between the time the response is served and the time of trial.

## INSTRUCTIONS

1. Produce all documents in your possession, access, custody or control regardless of whether such documents are possessed directly by you, any officers, directors, employees, agents, representatives, subsidiaries, affiliates, associates, attorneys, accountants or any other person or entity, or are within your access or control.

2. If in responding to these requests, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3. If production of any information is objected to on the grounds that responding is unduly burdensome, describe the burden or expense of the proposed discovery.

4. If production of any information is objected to for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, as to each request please state the reason for withholding the information.

5. In responding to these requests, you must make a diligent search of all documents and communications in your possession, available to you, by you, any officers, employees, agents, representatives, associates, attorneys, accountants, third-parties or any other person(s) under your control.

6. If an individual request has subparts, you must respond to each part separately and in full; do not limit your response to the request as a whole. If any individual request cannot be responded to in full, you must respond to the extent possible.

7. If you claim that you cannot or may not, for whatever reason, respond to some of the requests, you must nevertheless respond to the remaining requests by **September 15, 2017.**

8. If any of the individual requests is vague, indefinite or ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will be promptly clarified in a reply letter. If any individual request (or subpart thereof) is deemed by you to be unduly burdensome, please send a letter to the undersigned counsel specifying all of the reasons why you deem the request to be unduly burdensome and stating whatever information and knowledge you have of the information or Documents called for in the request; and, if reasonable and necessary, an attempt will be made to rephrase the request (or subpart thereof) in a reply letter to lessen the burdens of compliance. Any such reply letter may be treated by the parties to whom it is addressed as a modification of that particular request and only that request.

9. If you withhold any response (or portion of a full response) to any request on the basis of a privilege, please identify the privilege claimed (including reference to the statute, rule or decision which is claimed to give rise to the privilege) and describe the general topic of the information you claim to be privileged to the extent possible in a manner consistent with the claimed privilege. If the information as to which privilege is claimed is contained in a document, identify each such document, stating where applicable:

    a. the name and title or position of the author and sender of the document;

    b.    the name and title or position of each and every person to whom the document was sent;

    c.    the date of the document;

    d.    a brief description of the subject matter and length of the document and or each attachment, appendix and exhibit thereto;

    e.    the name and title or position of each and every person having knowledge of the factual basis on which the privilege is asserted; and

    f.    the name and title or position of each person on whose behalf the privilege is asserted.

    g.    the name and title or position of each person having possession, custody or control over the document.

When a response contains both privileged and nonprivileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which privilege is claimed. When a document has been redacted or altered in any fashion, identify as each document the reason for the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the reacted document.

10.    Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in a relevant trade or industry, in which case they shall be interpreted in accordance with such custom and usage definition. In construing the

requests herein: (i) the singular shall include the plural and the plural shall include the singular; (ii) a masculine, feminine or neuter pronoun shall not exclude the other genders; and (iii) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production.

11. Unless otherwise specified, the relevant time period to which these requests refer is January 1, 2000 to the present day. However, if any information prior to January 1, 2000 is necessary for a correct or complete understanding of any interrogatory, the earlier information is to be provided as well. Likewise, if a document prepared before January 1, 2000 is necessary for a correct or complete understanding of any document covered by these requests, the earlier document is to be produced as well. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production request.

12. The present tense includes the past and future tenses.

## DEFINITIONS

The following terms shall, wherever capitalized herein, have the definitions set forth below.

"**Communication**" means the transmission, sending or receipt of information of any kind by or through any means including, but not limited to, speeches, writings, language (computer, foreign or otherwise), computer electronic means of any kind (including, but not limited to, "e-mail", "websites", "Internet usage", and servers containing such communication, regardless of their location), personal data assistants (PDAs), magnetic tape, videotape, photographs, graphs,

symbols, signs, magnetic or optical disks, "floppy disks," compact discs, CD-ROM/DVD discs, flash memory devices, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind.  The term "Communication" shall also mean, without limitation, all documents (as defined below) and all inquiries, discussions, conversations, negotiations, conferences, agreements, understandings, meetings, notices, requests, responses, demands, claims, rejections, complaints, or press, publicity or trade releases.

"**Control**" means, with respect to a Person (as defined below), having the power to direct, or to cause the direction of, the affairs or policies of such Person, whether directly or indirectly, by statute, regulation, ownership, contract, or otherwise.

"**Board**" means the Woodcliff Lake Borough Zoning Board of Adjustment.

"**Borough**" means, without limitation, the Borough of Woodcliff Lake, New Jersey, the Borough Council, the Planning Board, and any of its bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Borough Staff, and any other Persons acting or purporting to act on behalf of the Borough and any Person having Control of, under common Control with, or under the Control of the Borough of Woodcliff Lake, New Jersey and any of their bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives.

"**Document**" is intended to be interpreted in the broadest possible sense and means, without limitation, all Communications which are stored or retrievable or recorded in any manner in addition to any writing or other record of information or images, including, but not limited to printed matter, print, handwritings, photographs, films, recordings, memoranda, notes,

6

books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, e-mails, compact discs, CD-ROM/DVD discs, data, flash memory devices, servers (regardless of location), magnetic tape, videotape, magnetic or optical disks, "floppy disks," telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, investigations, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, Telephone Records (as defined below), desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punch cards, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, Internet uses, websites (including, but not limited to, the world wide web, intranets and internal websites and postings accessible by the Defendants and those working with the Defendants), stock certificates and securities.  The term "Document" shall also include preliminary drafts (handwritten or otherwise) or revisions or copies of any Document if the copy is in any way different from the original, documents in Your possession, custody or control, or in the possession, custody or control of Your agents, employees, servants, consultants, contractors, agents, representatives, counsel or other Persons acting or purporting to act on Your behalf.  The term "Document" shall also include all Documents whether or not used and all Documents relied upon in formulating any opinions, advice, proposals, suggestions, solutions, or recommendations.

"**Person**" means any natural person, governmental body, governmental association, joint venture, partnership or corporation, trust, association, group, assembly, organization, or any kind of business or legal entity, whether incorporated or unincorporated and whether for profit or not-for-profit.

"**Plaintiffs**" means Valley Chabad, Inc. and/or Rabbi Dov Drizin.

"**Plaintiffs' Application**" means Plaintiffs' Use and Bulk Variance and Preliminary and Final Site Plan submitted to the Borough of Woodcliff Lake Board of Adjustment for Block 908, Lot 1.

"**Resolution**" means the Borough of Woodcliff Lake Zoning Board of Adjustment's Resolution of Denial of Plaintiffs' Application, dated October 6, 2016.

"**Relating to**" means concerning, evidencing, containing, describing, embodying, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, reflecting, incorporating, effecting, referring to, including or otherwise pertaining to, either directly or indirectly, or being in any way logically or factually connected with, the subject matter of the inquiry or request.

"**Telephone Records**" means, without limitation, diaries, telephone directories, Rolodexes, records, address books, telephone logs, recordings of telephone conversations (including electronic or computer recordings), personal data assistants (PDAs), and telephone bills (both local and long distance).

"**You**" and "**Your**" refer to each of the Defendants, both individually and collectively.

"**Subject Property**" is defined as the parcels of land described at paragraph 16 of Plaintiffs' Complaint.

**DOCUMENT REQUESTS**

1. All documents referenced, identified, or reviewed by You in answering the Interrogatories served on you.

2. All insurance policies under which a person carrying on an insurance business might be liable to pay to You or on Your behalf all or part of the damages sought in this action.

3. All documents provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(A) or in connection with any witness identified in your answers to the interrogatories served on you

4. All documents related to any alleged negative land use impacts resulting from the Plaintiffs' use or proposed use of the Subject Property.

5. Identify any and all parcels of land within the Borough that are presently available for a house of worship and/or religious institution use and meet the zoning ordinance criteria for said use.

6. All documents relating to any land use applications that have been filed with the Board, including applications for variances, special exception, conditional uses, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for houses of worship and/or religious institutions within Woodcliff Lake Borough.

7. All documents related to Plaintiffs' Application, including, but not limited to, applications, submissions, transcripts, recordings, communications, analyses, reports,

charts, maps, graphs, exhibits, minutes, testimony, letters, photographs, videos, slides, permits and decisions.

8. All documents relating to the use of the Subject Property by Plaintiffs or current or prior owner.

9. All documents relating to the proposed use of the Subject Property by Plaintiffs.

10. All documents relating to any land use applications that have been filed with respect to the Subject Property, including, but not limited to, applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, and/or interpretations.

11. All documents relating to communications, including emails, between or among the Board, its officials, officers, members, employees, consultants, contractors, agents, and representatives, and the Borough, Plaintiffs or any third parties concerning the Plaintiffs' proposed use of the Subject Property, including Plaintiff's application.

12. All documents related to any governmental interest that You contend is advanced by denial of the Plaintiffs' application and.

13. All documents relating to traffic impacts at or near the Subject Property related to the Plaintiffs' proposed use of same, including, but not limited to, the impact on and/or change to traffic patterns, the impact on and/or change to traffic volume, widening of roads and/or access to the Subject Property.

14. All documents relating to traffic studies, data or reports related to traffic on Overlook Drive in the Borough, including, but not limited to near the Subject Property.

15. All documents relating to impact to parking and/or parking spaces at or near the Subject Property relating to the Plaintiffs' proposed use of same, including, but not limited to, the impact on and/or change to parking at the Subject Property, the impact on and/or change to current parking volume, and the uses for which additional parking may/shall be needed.

16. All documents exchanged between the New Jersey Turnpike Authority, or any of its agencies, including, but not limited to the Garden State Parkway, and the Board, or any of its committees or bodies regarding the Plaintiff's proposed use of the Subject Property and/or Plaintiffs' Application.

17. All documents relating to any land use applications that have been filed with the Board, including applications for use or other variances, conditional uses, appeals, interpretations or otherwise, for any assembly or institutional land uses, including but not limited to schools or other educational institutions, day care centers, vocational schools, hospitals or other medical facilities, auditoriums, stadiums, halls, clubs, lodges, youth centers, social organizations or camps, convalescent or nursing homes, correctional facility or correctional placement residence, conference centers, commercial recreation or theaters, within the Borough.

18. All documents relating to standards, authority or information relied upon by the Board in determining to deny the Plaintiffs' application.

19. All documents relating to standards, authority or information relied upon by the Board in deciding on variance or waiver applications seeking relief relating to the proposed use of a property as a religious institution and/or house of worship in the Borough.

20. All documents to support the finding of fact in the Resolution that the Plaintiffs' proposed use would adversely impact the residential character of the neighborhood.

21. All documents to support the finding of fact in the Resolution that the Plaintiffs' proposed use would not provide adequate buffering from residential uses.

22. All documents to support the finding of fact in the Resolution that the Plaintiffs' proposed use will not maintain any physical characteristics of the Subject Property.

23. All documents to support the finding of fact in the Resolution that the Plaintiffs' proposed use is "wholly inconsistent with the relevant goals of the Master Plan."

24. All documents to support the finding of fact in the Resolution that there is substantial and significant adverse impact to the surrounding neighborhoods based upon inadequate parking with respect to Plaintiffs' proposed use.

25. All documents to support the finding of fact in the Resolution that pedestrian safety is at risk with respect to Plaintiffs' proposed use.

26. All documents to support the finding of fact in the Resolution that the proposed use would cause additional erosion and flooding.

27. All documents to support the finding of fact in the Resolution that there are larger and more suitable lots available for the Plaintiffs' proposed use.

28. All documents relating to the statements in paragraphs 19 and 21 of the Resolution that conditions cannot be imposed to alleviate the detrimental impact of the application.

29. All documents relating to paragraph 27 of the Resolution.

30. All documents to relating to paragraph 29 of the Resolution.

31. All documents relating to "Woodcliff Lake Residents for Reasonable Development."

32. All documents relating to "Responsible Citizens of Woodcliff Lake," including, but not limited to, emails relating to Plaintiffs' application.

33. All documents relating to "Concerned Neighbors & Residents of Woodcliff Lake, Inc." including, but not limited to, emails relating to Plaintiffs' application.

34. Identify all facts upon which you intend to rely to establish that Plaintiffs' proposed use of the Subject Property is not an inherently beneficial use.

35. Identify all facts which support your contention in paragraph 232 of your Answer that "it was the Chabad's intention to to create numerous variances and waivers so that it could then alter its plans and reduce the number of variances under the guise of being reasonable."

36. All documents which support your contention in paragraph 232 of your Answer that "[W]hen the Chabad eliminated these variances, it was not done in good faith, it was part of a pre-conceived plan and attempt to create a false impression while ignoring the goals of the Master Plan and comments of members of the Board."

37. All documents which support your contention in paragraph 247 that "Chabad indicated it wanted to make changes to its application and failed to proceed on the application for five months."

38. All documents regarding any drainage concerns relating to the Plaintiffs' application.

39. All documents relating to the "need in the community" to which you refer in paragraph 289 of your Answer.

40. All documents which support your contention that there is not "ample width on Overlook Drive to accommodate two lanes of road with safety for those walking to the Chabad for services."

41. All documents which support your contention in paragraph 313 of your Answer that the parking proposed by the Chabad does not comply with the Borough's Code.

42. All documents which support your contention in paragraph 366 of your Answer that there were citizen complaints and list same including the individual complaining, date of complaint, and substance of same.

**STORZER & ASSOCIATES, P.C.**

By: ___/s/_____
Sieglinde K. Rath
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Avenue
Suite One Thousand
Washington, D.C. 20036
rath@storzerlaw.com
Tel: (202) 857-9766
Fax: (202) 315-3996

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was sent by electronic mail to the following on this 17th day of July, 2017.

**Howard Mankoff, Esq.**
Marshall, Dennehey, Warner, Coleman & Goggin
425 Eagle Rock Avenue
Suite 302
Roseland, New Jersey  07068

**STORZER & ASSOCIATES, P.C.**

By: ___/s/_____
Sieglinde K. Rath
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Avenue
Suite One Thousand
Washington, D.C. 20036
rath@storzerlaw.com
Tel: (202) 857-9766
Fax: (202) 315-3996