**STORZER & ASSOCIATES, P.C.**
Sieglinde K. Rath
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Ave., N.W. Suite 1000
Washington, D.C. 20036
Tel: 202.857.9766
Fax: 202.315.3996

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VALLEY CHABAD, INC., a New Jersey nonprofit corporation, and RABBI DOV DRIZIN,**<br><br>  **Plaintiffs,**<br><br>**v.**<br><br>**BOROUGH OF WOODCLIFF LAKE, N.J. and ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF WOODCLIFF LAKE, N.J., CARLOS RENDO,** individually and in his capacity as the Mayor of the Borough of Woodcliff Lake, and **PAUL BECHTEL,** in his official capacity as Property Maintenance Officer of the Borough of Woodcliff Lake,<br><br>  **Defendants.** | Civ. No. 2:16-cv-08087-JLL-JAD<br><br>**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BOROUGH OF WOODCLIFF LAKE, N.J.** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiffs hereby request

that the Defendant Borough of Woodcliff Lake respond to this Request within the time and

manner prescribed by the Federal Rules of Civil Procedure and the Court's Amended Pretrial Scheduling Order.  This Request is continuing, so as to require supplemental responses should you obtain further documents between the time the response is served and the time of trial.

## **INSTRUCTIONS**

1.      Produce all documents in your possession, access, custody or control regardless of whether such documents are possessed directly by you, any officers, directors, employees, agents, representatives, subsidiaries, affiliates, associates, attorneys, accountants or any other person or entity, or are within your access or control.

2.      If in responding to these requests, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3.      If production of any information is objected to on the grounds that responding is unduly burdensome, describe the burden or expense of the proposed discovery.

4.      If production of any information is objected to for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, as to each request please state the reason for withholding the information.

5.      In responding to these requests, you must make a diligent search of all documents and communications in your possession, available to you, by you, any officers, employees, agents, representatives, associates, attorneys, accountants, third-parties or any other person(s) under your control.

6.     If an individual request has subparts, you must respond to each part separately and in full; do not limit your response to the request as a whole.  If any individual request cannot be responded to in full, you must respond to the extent possible.

7.     If you claim that you cannot or may not, for whatever reason, respond to some of the requests, you must nevertheless respond to the remaining requests by **September 15, 2017.**

8.     If any of the individual requests is vague, indefinite or ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will be promptly clarified in a reply letter.  If any individual request (or subpart thereof) is deemed by you to be unduly burdensome, please send a letter to the undersigned counsel specifying all of the reasons why you deem the request to be unduly burdensome and stating whatever information and knowledge you have of the information or Documents called for in the request; and, if reasonable and necessary, an attempt will be made to rephrase the request (or subpart thereof) in a reply letter to lessen the burdens of compliance.  Any such reply letter may be treated by the parties to whom it is addressed as a modification of that particular request and only that request.

9.     If you withhold any response (or portion of a full response) to any request on the basis of a privilege, please identify the privilege claimed (including reference to the statute, rule or decision which is claimed to give rise to the privilege) and describe the general topic of the information you claim to be privileged to the extent possible in a manner consistent with the claimed privilege.  If the information as to which privilege is claimed is contained in a document, identify each such document, stating where applicable:

    a.     the name and title or position of the author and sender of the document;

b.      the name and title or position of each and every person to whom the document was sent;

c.      the date of the document;

d.      a brief description of the subject matter and length of the document and or each attachment, appendix and exhibit thereto;

e.      the name and title or position of each and every person having knowledge of the factual basis on which the privilege is asserted; and

f.      the name and title or position of each person on whose behalf the privilege is asserted.

g.      the name and title or position of each person having possession, custody or control over the document.

When a response contains both privileged and nonprivileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which privilege is claimed. When a document has been redacted or altered in any fashion, identify as each document the reason for the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the reacted document.

10.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in a relevant trade or industry, in which case they shall be interpreted in accordance with such custom and usage definition.  In construing the

requests herein: (i) the singular shall include the plural and the plural shall include the singular; (ii) a masculine, feminine or neuter pronoun shall not exclude the other genders; and (iii) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production.

11.     Unless otherwise specified, the relevant time period to which these requests refer is January 1, 2000 to the present day.  However, if any information prior to January 1, 2000 is necessary for a correct or complete understanding of any interrogatory, the earlier information is to be provided as well.  Likewise, if a document prepared before January 1, 2000 is necessary for a correct or complete understanding of any document covered by these requests, the earlier document is to be produced as well.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production request.

12.     The present tense includes the past and future tenses.


## **DEFINITIONS**

The following terms shall, wherever capitalized herein, have the definitions set forth below.

"**Communication**" means the transmission, sending or receipt of information of any kind by or through any means including, but not limited to, speeches, writings, language (computer, foreign or otherwise), computer electronic means of any kind (including, but not limited to, "e-mail", "websites", "Internet usage", and servers containing such communication, regardless of their location), personal data assistants (PDAs), magnetic tape, videotape, photographs, graphs,

symbols, signs, magnetic or optical disks, "floppy disks," compact discs, CD-ROM/DVD discs, flash memory devices, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind.  The term "Communication" shall also mean, without limitation, all documents (as defined below) and all inquiries, discussions, conversations, negotiations, conferences, agreements, understandings, meetings, notices, requests, responses, demands, claims, rejections, complaints, or press, publicity or trade releases.

"**Control**" means, with respect to a Person (as defined below), having the power to direct, or to cause the direction of, the affairs or policies of such Person, whether directly or indirectly, by statute, regulation, ownership, contract, or otherwise.

"**Board**" means the Woodcliff Lake Borough Zoning Board of Adjustment.

"**Borough**" means, without limitation, the Borough of Woodcliff Lake, New Jersey, the Borough Council, the Planning Board, and any of its bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Borough Staff, and any other Persons acting or purporting to act on behalf of the Borough and any Person having Control of, under common Control with, or under the Control of the Borough of Woodcliff Lake, New Jersey and any of their bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives.

"**Document**" is intended to be interpreted in the broadest possible sense and means, without limitation, all Communications which are stored or retrievable or recorded in any manner in addition to any writing or other record of information or images, including, but not limited to printed matter, print, handwritings, photographs, films, recordings, memoranda, notes,

books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, e-mails, compact discs, CD-ROM/DVD discs, data, flash memory devices, servers (regardless of location), magnetic tape, videotape, magnetic or optical disks, "floppy disks," telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, investigations, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, Telephone Records (as defined below), desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punch cards, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, Internet uses, websites (including, but not limited to, the world wide web, intranets and internal websites and postings accessible by the Defendants and those working with the Defendants), stock certificates and securities.   The term "Document" shall also include preliminary drafts (handwritten or otherwise) or revisions or copies of any Document if the copy is in any way different from the original, documents in Your possession, custody or control, or in the possession, custody or control of Your agents, employees, servants, consultants, contractors, agents, representatives, counsel or other Persons acting or purporting to act on Your behalf.   The term "Document" shall also include all Documents whether or not used and all Documents relied upon in formulating any opinions, advice, proposals, suggestions, solutions, or recommendations.

"**Person**" means any natural person, governmental body, governmental association, joint venture, partnership or corporation, trust, association, group, assembly, organization, or any kind of business or legal entity, whether incorporated or unincorporated and whether for profit or not-for-profit.

"**Plaintiffs**" means Valley Chabad, Inc. and/or Rabbi Dov Drizin.

"**Plaintiffs' Application**" means Plaintiffs' Use and Bulk Variance and Preliminary and Final Site Plan submitted to the Borough of Woodcliff Lake Board of Adjustment for Block 908, Lot 1.

"**Resolution**" means the Borough of Woodcliff Lake Zoning Board of Adjustment's Resolution of Denial of Plaintiffs' Application, dated October 6, 2016.

"**Relating to**" means concerning, evidencing, containing, describing, embodying, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, reflecting, incorporating, effecting, referring to, including or otherwise pertaining to, either directly or indirectly, or being in any way logically or factually connected with, the subject matter of the inquiry or request.

"**Telephone Records**" means, without limitation, diaries, telephone directories, Rolodexes, records, address books, telephone logs, recordings of telephone conversations (including electronic or computer recordings), personal data assistants (PDAs), and telephone bills (both local and long distance).

"**You**" and "**Your**" refer to each of the Defendants, both individually and collectively.

"**Subject Property**" is defined as the parcels of land described at paragraph 16 of Plaintiffs' Complaint.

## DOCUMENT REQUESTS

1.    All documents referenced, identified, or reviewed by You in answering the Interrogatories.

2.    All insurance policies under which a person carrying on an insurance business might be liable to pay to You or on Your behalf all or part of the damages sought in this action.

3.    All documents provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(A) or in connection with any witness identified in your answers to the interrogatories served on you.

4.    All documents related to any alleged negative land use impacts resulting from the Plaintiffs' use of the Subject Property.

5.    All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Woodcliff Lake Borough public bodies, including, but not limited to, the Woodcliff Lake Borough Council, Woodcliff Lake Borough Planning Board, and Borough committees as well as Woodcliff Lake Borough officials, planning professionals, employees, agents and/or representatives, related to the creation and passage of Ordinance No. 16-02.

6.    All documents related to any Borough Code amendments and/or revisions regarding houses or worship and/or religious institutions.

7.    All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Woodcliff Lake Borough public bodies, including, but not limited to, the Woodcliff Lake Borough Council, Woodcliff Lake Borough Planning Board, and

Borough committees as well as Woodcliff Lake Borough officials, employees, agents and/or representatives, related to the creation of the three-acre minimum lot requirement for houses of worship and/or religious institutions.

8.    All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Woodcliff Lake Borough public bodies, including, but not limited to, the Woodcliff Lake Borough Council, Woodcliff Lake Borough Planning Board, and Borough committees as well as Woodcliff Lake Borough officials, planning professionals, employees, agents and/or representatives, related to the inclusion or exclusion of houses of worship and/or religious institutions as prohibited, permitted and/or conditional uses in zoning districts throughout the Borough.

9.    All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Woodcliff Lake Borough public bodies, including, but not limited to, the Woodcliff Lake Borough Council, Woodcliff Lake Borough Planning Board, and Borough committees as well as Woodcliff Lake Borough officials, planning professionals, employees, agents and/or representatives, related to Section 380.13(A) of the Borough zoning ordinance.

10.   All documents regarding any and all parcels of land within the Borough that are presently available for a house of worship and/or religious institution use and meet the zoning ordinance criteria for said use.

11.   All documents relating to any land use applications that have been filed with Woodcliff Lake Borough, including applications for variances, special exception, conditional uses,

10

site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for houses of worship and/or religious institutions within Woodcliff Lake Borough.

12.    All documents related to Plaintiffs' Application, including, but not limited to, applications, submissions, transcripts, recordings, communications, analyses, reports, charts, maps, graphs, exhibits, minutes, testimony, letters, photographs, videos, slides, permits and decisions.

13.    All documents relating to the use of the Subject Property by Plaintiffs or current or prior owner.

14.    All documents relating to the proposed use of the Subject Property by Plaintiffs.

15.    All documents relating to any land use applications that have been filed with respect to the Subject Property, including, but not limited to, applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, and/or interpretations.

16.    All documents relating to communications, including emails, between or among the Borough Council, the Board, the Woodcliff Lake Borough Planning Board, and any of the Borough's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Borough Staff, and any other Persons acting or purporting to act on behalf of the Borough or with the Woodcliff Lake Borough Zoning Board of Adjustment, the Plaintiffs or any third parties concerning the Plaintiffs' proposed use of the Subject Property, including the Application for variance filed by Plaintiffs.

17. All documents related to the Borough's land use regulations concerning houses of worship and/or religious institutions.

18. All documents regarding the Borough's Master Plan or any reexamination of same.

19. All documents regarding any Traffic Volume Map included in the 2009 Master Plan.

20. The current Code of Woodcliff Lake Borough.

21. The current zoning map of Woodcliff Lake Borough.

22. The current version of any zone plan, master plan, comprehensive plan or similar document of Woodcliff Lake Borough.

23. All prior versions of any zone plan, master plan, comprehensive plan or similar document of Woodcliff Lake Borough.

24. All documents relating to traffic impacts at or near the Subject Property related to the Plaintiffs' proposed use of same, including, but not limited to, the impact on and/or change to traffic patterns, the impact on and/or change to traffic volume, widening of roads and/or access to the subject property.

25. All documents relating to traffic studies, data or reports related to traffic on Overlook Drive.

26. All documents relating to impact to parking and/or parking spaces at or near the Subject Property relating to the Plaintiffs' proposed use of same, including, but not limited to, the impact on and/or change to parking at the Subject Property, the impact on and/or change to current parking volume, and the uses for which additional parking may/shall be needed.

27.    All documents exchanged between the New Jersey Turnpike Authority, or any of its agencies, including, but not limited to the Garden State Parkway, and the Borough, or any of its committees or bodies regarding the Plaintiffs' proposed use of the Subject Property and/or Plaintiffs' Application.

28.    All documents, including, but not limited to correspondence, including emails, relating to communications between all Woodcliff Lake Borough public bodies, including, but not limited to, the Woodcliff Lake Borough Council, Woodcliff Lake Borough Planning Board, and Borough committees as well as Woodcliff Lake Borough officials, planning professionals, employees, agents and/or representatives, and the Woodcliff Lake School District and/or Board of Education regarding the Plaintiffs, Plaintiffs' proposed use of the Subject Property and/or Friendship Circle Sports League.

29.    All documents, including, but not limited to, correspondence, including emails, between all Woodcliff Lake Borough public bodies, including, but not limited to, the Woodcliff Lake Borough Council, Woodcliff Lake Borough Planning Board, and Borough committees as well as Woodcliff Lake Borough officials, planning professionals, employees, agents and/or representatives, and the Woodcliff Lake Basketball Association regarding the Plaintiffs, Plaintiffs' proposed use of the Subject Property and/or Friendship Circle Sports League.

30.    All documents regarding any inspections of and/or licensing of the Subject Property by the Borough.

31.    All documents regarding citations and violations regarding Plaintiffs' use of the Subject Property.

32.    All documents regarding any inspections of and/or licensing of the property at 51 Mill Extension Road by the Borough.

33.    All documents regarding citations and violations regarding the use of the property at 51 Mill Extension Road.

34.    All documents regarding the current and former real property tax status of the Subject Property, including, but not limited to, communications between the Borough and any of its officials, bodies, employees and the Borough tax assessor, applications for tax exempt status and any decisions regarding same.

35.    All documents regarding the Friendship Circle Sports League, including, but not limited to, communications between the Borough and any third party regarding same.

36.    All documents, including communications of any nature, between the Borough and the Hilton Woodcliff Lake concerning the Plaintiff or any of its activities.

37.    Any circulation plan for the Borough.

38.    All documents relating to traffic within the Borough, including any traffic management database and/or traffic studies.

39.    All documents relating to the Galaxy Gardens property, including, but not limited to, recordings, transcripts, correspondence and emails, since 2011.

40.    All documents, including, but not limited to, correspondence and emails, relating to the Kerlopian property, discussed at paragraphs 90-109 of Plaintiffs' Complaint, since 2008.

41.    All documents relating to the Hathaway property, including, but not limited to, correspondence and emails, since 2006 described in paragraph 77 of Plaintiffs' Complaint.

14

42.    All documents relating to the adoption of the overlay zone, Ordinance No. 14-04, relating to County Road properties, including, but not limited to, correspondence and emails as discussed in paragraphs 90-109, and in particular, paragraph 108 of the Plaintiffs' Complaint.

43.    All documents relating to any townhome project, proposed or constructed, on County Road, including, but not limited to, correspondence and emails.

44.    All documents relating to the Schnor property, discussed in paragraphs 90-109 of Plaintiffs' Complaint, since 2008, including, but not limited to, correspondence and emails.

45.    All documents relating to "Responsible Citizens of Woodcliff Lake" including, but not limited to, correspondence and emails.

46.    All documents relating to "Woodcliff Lake Residents for Reasonable Development" including, but not limited to, correspondence and emails .

47.    All documents relating to the Borough's acquisition and/or condemnation of the Galaxy Gardens property, including, but not limited to, correspondence and emails.

48.     All documents relating to "Concerned Neighbors & Residents of Woodcliff Lake, Inc." including, but not limited to, correspondence and emails.

49.    All documents relating to communications, including emails, between or among the Borough Council, the Board, the Woodcliff Lake Borough Planning Board, and any of the Borough's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Borough Staff, and any other Persons acting or purporting to act on behalf of the Borough  with Our Lady Mother of the Church Catholic

Church, including, but not limited to, its Board, staff, members and/or officials regarding the Galaxy Gardens property.

50.    Attach any and all documents regarding communications, including emails, between or among the Board and the Borough, Borough Council, the Planning Board, and any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Borough Staff, and any other Persons acting or purporting to act on behalf of the Borough, Plaintiffs, or any third parties, including members of the public concerning the Orthodox Jewish community, persons or religion.

51.    The complete file of Paul Bechtel and/or the Borough Fire Official's office relating to the Subject Property.

52.    The complete file of Paul Bechtel and/or the Borough Fire Official's office relating to the property located at 51 Mill Extension Road.

53.    The complete file of  the Borough Zoning Code Official's office relating to the Subject Property.

54.    The complete file of the Borough Zoning Code Official's office relating to the property located at 51 Mill Extension Road.

55.    The complete file of the Borough Tax Assessor's office relating to the Subject Property.

56.    Please identify all applications for permits filed with the Borough by either Plaintiffs or their agents for construction, repair, or other work on or use of the Subject Property, including the date on which they were filed, the outcome of such applications, the date when they were granted, denied or otherwise resolved, and, if denied, the reasons for such denial.

57.   Any and all correspondence, including emails, that the Borough received regarding the
      Plaintiffs' proposed use of the subject property.


                                        **STORZER & ASSOCIATES, P.C.**

                                        By: ___/s/_____
                                        Sieglinde K. Rath
                                        Robert L. Greene, *admitted pro hac vice*
                                        1025 Connecticut Avenue
                                        Suite One Thousand
                                        Washington, D.C. 20036
                                        rath@storzerlaw.com
                                        Tel: (202) 857-9766
                                        Fax: (202) 315-3996

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by electronic mail to the following

on this 17th day of July, 2017.

**Howard Mankoff, Esq.**
Marshall, Dennehey, Warner, Coleman & Goggin
425 Eagle Rock Avenue
Suite 302
Roseland, New Jersey  07068

**STORZER & ASSOCIATES, P.C.**

By: ___/s/_____
Sieglinde K. Rath
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Avenue
Suite One Thousand
Washington, D.C. 20036
rath@storzerlaw.com
Tel: (202) 857-9766
Fax: (202) 315-3996