**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
ATTORNEYS-AT-LAW   WWW.MARSHALLDENNEHEY.COM
A PROFESSIONAL CORPORATION

425 Eagle Rock Avenue, Suite 302,  Roseland, NJ 07068
(973) 618-4100  Fax (973) 618-0685
*Justin F. Johnson, Resident Managing Attorney*

Direct Dial:  (973) 618-4118
Email:  hbmankoff@mdwcg.com

**PENNSYLVANIA**
Allentown
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton

**NEW JERSEY**
Cherry Hill
Roseland

**DELAWARE**
Wilmington

**OHIO**
Cincinnati
Cleveland

**FLORIDA**
Ft. Lauderdale
Jacksonville
Orlando
Tampa

**NEW YORK**
Long Island
New York City
Westchester

March 19, 2018

<u>VIA ELECTRONIC MAIL</u>

Sieglinde Rath, Esq.
Storzer & Associates, P.C.
1025 Connecticut Avenue
Suite One Thousand
Washington, D.C  20036

    RE:  Valley Chabad v. Borough of Woodcliff Lake
         Docket No.:    2:16-CV-08087-JLL-JAD
         Our File No.:  41034.00106

Dear Ms. Rath:

    Attached are the responses of the Zoning Board of Adjustment to plaintiffs' Document Demands.

                            Very truly yours,

                            */s/ Howard B. Mankoff*

                            Howard B. Mankoff

HBM:ssierra
Attachment

41034.00106-HBM

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
Howard B. Mankoff, Esq.
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎973-618-4100    📠973-618-0685
✉ hbmankoff@mdwcg.com
ATTORNEYS FOR DEFENDANTS – Borough of Woodcliff Lake, N.J. and Zoning Board of Adjustment of the Borough of Woodcliff Lake, N.J., Carlos Rendo, individually and in his official capacity as Mayor of the Borough of Woodcliff Lake, and Paul Bechtel in his official capacity as Property Maintenance Officer of the Borough of Woodcliff Lake

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK**

| | |
|---|---|
| Valley Chabad, Inc., a New Jersey nonprofit corporation, and Rabbi Dov Drizin,<br><br>Plaintiffs<br><br>v.<br><br>Borough of Woodcliff Lake, N.J. and Zoning Board of Adjustment of the Borough of Woodcliff Lake, N.J., Carlos Rendo, individually and in his official capacity as Mayor of the Borough of Woodcliff Lake, and Paul Bechtel in his official capacity as Property Maintenance Officer of the Borough of Woodcliff Lake<br><br>Defendants | CASE NO.:   2:16-CV-08087-JLL-JAD<br><br>Civil Action<br><br>**DEFENDANT ZONING BOARD OF ADJUSTMENT'S RESPONSE TO PLAINTIFFS' DOCUMENT DEMANDS** |

1. Objection. This request is overbroad. Without waiving the objection, and in an effort to be responsive, the documents will be produced.

2. The defendant will produce a copy of the insurance policy.

3. Objection. This request is incomprehensible and not limited as to time or relevancy. The defendant cannot respond to this request as currently phrased.

4. Objection. This request is overbroad and not limited in time. Without waiving objection, and in an effort to be responsive, the defendant will produce these documents.

5. Objection. This is not a demand for documents. Without waiving the objection, and in effort to be responsive, the Zoning Board of Adjustment will provide to the plaintiffs a list of the properties described in this request.

6. Objection. This request is overbroad because it is not limited in time and not confined to relevant documents. Without waiving the objection, and in an effort to be responsive, the documents will be produced.

7. Objection. The plaintiffs are already in possession of these documents. Without waiving the objection, and in an effort to be responsive, the defendant will produce documents related to the plaintiffs' application, except those which are privileged.

8. Objection. This request is not limited in time and requests documents which are not relevant or likely to lead to discoverable evidence. Without waiving the objection, and in an effort to be responsive, the defendant will produce these documents.

9. Objection. This request appears to duplicate paragraph 7, to which the defendant will respond.

10. Objection. This request is not limited in time and calls for the production of documents which are irrelevant and not likely to lead to discoverable evidence. Without waiving the objection, and in an effort to be responsive, the defendant will produce these documents.

11. Objection. This request calls for the production of information and documents protected by the attorney client privilege and the attorney work product. In addition, the defendant objects to any demand which calls for the production of emails from the personal email accounts of current or former members of the Zoning Board of Adjustment. Subject to the objection, the remaining documents will be produced.

12. Objection. This request calls for the production of documents protected by the attorney client privilege. Without waiving the objection, and in an effort to be responsive, non-

priviledged documents, responsive to the request, will be produced.

13. Objection. The term "near the subject property" is not defined by the plaintiffs. Without waiving the objection, and in an effort to be responsive, the defendant will produce documents related to traffic impact studies in connection with the plaintiffs' application.

14. The defendants will produce these documents.

15. Objection. The request does not define "near the subject property" without waiving the objection, and in an effort to be responsive, the Zoning Board of Adjustment will produce parking studies done in connection with the plaintiffs' application.

16. The defendant Zoning Board of Adjustment will produce these documents.

17. Objection. This request is overbroad and not reasonably calculated to lead to discoverable evidence. It is also not limited as to time. The defendant will not comply with this request in its current form.

18. Objection. This request is too vague for the defendant to respond. Without waiving the objection, and in an effort to be responsive, the documents will be produced.

19. Objection. This request is overbroad and not reasonably calculated to lead to discoverable evidence. It is also not

defined in terms of time. Without waiving the objection, and in an effort to be responsive, the documents will be produced.

20. The documents will be produced.

21. The documents will be produced.

22. The documents will be produced.

23. The documents will be produced.

24. The documents will be produced.

25. The documents will be produced.

26. The documents will be produced.

27. The documents will be produced.

28. The documents will be produced.

29. The documents will be produced.

30. The documents will be produced.

31. Objection. This request is overbroad and not reasonably calculated to lead to discoverable evidence. It is not limited as to time. Without waiving the objection, and in an effort to be responsive, the Zoning Board of Adjustment will produce, in response to this request, documents that the Board has received from or sent to the organization identified as Woodcliff Lake Residents For Reasonable Development.

32. Objection. This request is overbroad and not reasonably calculated to lead to discoverable evidence. It is not limited as to time. Without waiving the objection, and in an effort to

be responsive, the Zoning Board of Adjustment will produce, in response to this request, documents that the Board has received from or sent to the organization identified as Woodcliff Lake Residents For Reasonable Development.

33. Objection. This request is overbroad and not reasonably calculated to lead to discoverable evidence. It is not limited as to time. Without waiving the objection, and in an effort to be responsive, the Zoning Board of Adjustment will produce, in response to this request, documents that the Board has received from or sent to the organization identified as Concerned Neighbors and Residents of Woodcliff Lake, Inc.

34. Objection. This request calls for the production of documents protected by the attorney client privilege. Without waiving the objection, and in an effort to be responsive, these documents will be produced.

35. Objection. This is not a request for production of documents.

36. These documents will be produced.

37. These documents will be produced.

38. These documents will be produced.

39. These documents will be produced.

40. These documents will be produced.

41. These documents will be produced.

42. These documents will be produced.

        MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
**Attorneys for Defendants**, Borough of Woodcliff Lake, N.J. and Zoning Board of Adjustment of the Borough of Woodcliff Lake, N.J., Carlos Rendo, individually and in his official capacity as Mayor of the Borough of Woodcliff Lake, and Paul Bechtel in his official capacity as Property Maintenance Officer of the Borough of Woodcliff Lake


By: **/s/ Howard B. Mankoff**
      HOWARD B. MANKOFF, ESQ.

Dated: March 19, 2018