# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN
ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM
A PROFESSIONAL CORPORATION

425 Eagle Rock Avenue, Suite 302, Roseland, NJ 07068
(973) 618-4100  Fax  (973) 618-0685
*Justin F. Johnson, Resident Managing Attorney*

Direct Dial:  (973) 618-4118
Email:  hbmankoff@mdwcg.com

PENNSYLVANIA    OHIO
Allentown       Cincinnati
Doylestown      Cleveland
Erie
Harrisburg      FLORIDA
King of Prussia Ft. Lauderdale
Philadelphia    Jacksonville
Pittsburgh      Orlando
Scranton        Tampa

NEW JERSEY      NEW YORK
Mount Laurel    Long Island
Roseland        New York City
                Westchester
DELAWARE
Wilmington

April 19, 2018

VIA EMAIL

Sieglinde K. Rath, Esq.
Storzer & Associates, P.C.
1025 Connecticut Avenue
N.W. Suite 1000
Washington, DC  20036

    RE:    Valley Chabad v. Borough of Woodcliff Lake
           Docket No.:    2:16-CV-08087-JLL-JAD
           Our File No.:   41034.00106

Dear  Sieglinde:

    Attached are interrogatory answers from the Borough of Woodcliff Lake and Mayor Rendo. Please call if you have any questions.

                      Very truly yours,

                      *Howard B. Mankoff*

                      Howard B. Mankoff

HBM:ssierra
Attachments

| | |
|---|---|
| Valley Chabad, Inc., a New Jersey nonprofit corporation and Rabbi Dov Drizin,<br><br>Plaintiffs<br><br>v.<br><br>Borough of Woodcliff Lake, N.J. and Zoning Board of Adjustment of the Borough of Woodcliff Lake, N.J., Carlos Rendo, individually and in his official capacity as Mayor of the Borough of Woodcliff Lake, and Paul Bechtel in his official capacity as Property Maintenance Officer of the Borough of Woodcliff Lake<br><br>Defendants | CASE NO.: 2:16-CV-08087-JLL-JAD<br><br>Civil Action<br><br>**DEFENDANT, THE BOROUGH OF WOODCLIFF LAKE, N.J. ANSWERS TO INTERROGATORIES** |

## OBJECTIONS

1. Defendant objects to these interrogatories to the extent that they seek information which is neither relevant to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to these interrogatories to the extent that they are overly broad, and to the extent that they are unduly burdensome.

3. Defendant objects to these interrogatories to the extent that they are vague and ambiguous or fail to identify the information being requested with reasonably particularity.

4. Defendant objects to these interrogatories to the extent that they seek the disclosure of documents or information protected by the attorney-client privilege and/or the work product doctrine.

5. Defendant objects to these interrogatories insofar as they attempt to

impose obligations in excess of those authorized by the Rules Governing the Courts. Defendant will respond to Plaintiff's First Set of Interrogatories to Defendant but will not provide responses or documents to the extent that they would exceed the requirements of same.

      6.   The interrogatories as drafted are burdensome and extensive and as such may have to be amended if required.

## INTERROGATORIES

1. The Borough Attorney and the Borough Clerk.

2. All parties to this action, their agents, servants, and employees; all persons named in response to discovery demands, the amendments thereto, both formal and informal; former Mayor Goldsmith and former council member Rosenblatt; all members of the Zoning Board, who were members when the Plaintiffs submitted their application for zoning variances; all persons and experts who testified in support of, and against the Plaintiff's application for zoning variances; Zoning Board Counsel, Mr. Princiotto

3. **§ 380-13** Conditional uses:
   The following conditional uses shall be subject to site plan approval by the Planning Board:
   A. Houses of Worship and related religious uses, subject to the following standards:
      1) Minimum lot size: three acres.
      2) Lot width: 400 feet.
      3) Front yard setback: 50 feet each.
      4) Side yard setback: 50 feet each; 100 feet both.
      5) Rear side: 50 feet.
      6) Height: 2 ½ stories or 30 feet.
      7) Maximum building coverage: 15%.
      8) Maximum impervious surface coverage: 30%.
      9) Parking: one space for each three seats, plus one space for each staff member.
   Please see the attached documents for further information as well as for any amendments made to **§ 380-13** Conditional uses.

   **§380** 380a. Sch. A. Off-Street Parking Requirements.

- A. Churches and other places of worship.
    1. 1 parking space for each 3 seats or for 1 for each 72 inches of seating space when benches rather than seats are used.

Please see the attached documents for further information as well as for any amendments made to **§380** 380a. Sch. A. Off-Street Parking Requirements.

**§5-44** Contracted extra-duty employment:
- B. Escrow Accounts:
    7. Houses of Worship and local schools shall be exempt from requirements for the posting an escrow deposit.

Please see the attached documents for further information as well as for any amendments made to **§5-44** Contracted extra-duty employment.

**§380-97** Site plan and conditional use approval:
- E. The following separation requirements shall apply to all towers without reduction or amendment:
    4   Separation from off-site uses/designated areas.
        a. Tower separation shall be measured from the base of the tower to the lot line of the off-site uses and/or designated areas as specified in Table 1, except as otherwise provided in Table 1.
        b. Separation requirements for towers shall comply with the minimum standards established in Table 1.

Please see attached Table 1 and documents for further information as well as any amendments made to **§380-97** Site plan and conditional use approval.

**§292-26** Off-street parking requirements:
- A. Number of parking spaces required. The number of off-street parking spaces required shall be as set forth in Chapter **380**, Zoning, or as set forth in Table VI-1 below, whichever may be more restrictive. If the determination of the number of required parking spaces results in a fractional space, the fraction shall require one additional parking space.

Please see the attached documents for further information as well as for any amendments made to **§292-26** Off-street parking requirements.

**Article I:** Fire and Emergency Zones
**§178-5** Churches:
The parking and standing of motor vehicles is prohibited at all times in the following areas:
- A. On access or egress driveways to and from church buildings and parking areas, unless fifteen-foot-wide unobstructed passage is maintained for access and egress of fire engines ad emergency vehicles.
- B. Within 50 feet of any entrance to such buildings.
- C. Within 15 feet of any exterior wall of such building.

**§178-5** Public Areas:

      D. Penalties. For violation of any provision of this section, the penalty shall be a fine not to exceed $250, or imprisonment for a period not to exceed 30 days, or both.

**§178-8** Violations and penalties:
Any person violating any of the provisions if this article shall, upon conviction thereof, be subject to a penalty of up to $1,000 or 90 days' imprisonment, or both, in the discretion of the court.
[1]   *Editors Note: The section does not apply to **§178-5**. See **§178-5D**.*

Please see the attached documents for further information as well as any amendments made to **Article 1**: Fire and Emergency Zones, **§ 178-5** Churches, **§178-5** Public Areas and **§178-8** Violations and Penalties.

**§178-26** Where required:
The following structures shal be equipped with a key lock box at or near the main entrance or such other location required by the Fire Official or Fire Chief:
    H. All buildings and structures of public assembly, including churches and restaurants.

Please see the attached documents for further information as well as any amendments made to **§178-26** Where required.

**§250-14** Schedule 1: parking Prohibited at All Times.
    A. Parking is prohibited at all times on the following streets:

| Street | Sides | Location |
|---|---|---|
| Overlook Drive | Both | Entire Length |

Please see the attached documents for further information as well as any amendments made to **§250-14** Schedule 1: parking Prohibited at All Times.

**Artice 1**: Licensing
    **§399-1** Definitions
        **Retail Food Establishment**
Please see the attached documents for further information as well as any amendments made to **Artice 1**: Licensing **§399-1** Definitions.

4. The answering defendant has no such documents, which to the extent that any exist, will be subject of production by the Zoning Board and Planning Board.

5. The answering defendant has no such documents, which to the extent that any exist, will be subject of produciton by the Zoning Board and Planning Board.

6. Objection. The phrase governmental interest is too vague to provide a meaningful response. Without waiving the objection, and in an effort to be responsive, the defendant, the Borough of Woodcliff Lake, states that the purpose of the setback requirements is to provide area enough to construct a building of proper size and parking that meet all the requirements as set forth in the land use code of the

    Borough of Woodcliff Lake and that of the state of New Jersey; also to provide public safety by allowing for fire safety, environmental protection and to preserve the nature of the community, among other considerations.

7. Objection. The phrase governmental interest is too vague to provide a meaningful response. Without waiving the objection, and in an effort to be responsive, the defendant, the Borough of Woodcliff Lake, states that the purpose of the setback requirements is to protect public safety by allowing for fire safety, environmental protection and to preserve the nature of the community, among other considerations.

9. Objection. The phrase governmental interest is too vague to provide a meaningful response. Without waiving the objection, and in an effort to be responsive, the defendant, the Borough of Woodcliff lake, stats that the purpose of the height requirements is to protect public safety by allowing for fire safety, environmental protection and to preserve the nature of the community, among other considerations.

11. Under present information and belief, the Borough and the Borough officials do not have any information regarding this issue.

12. The Borough has had no communication with the Plaintiff. Any other communication regarding the property is subject to attorney client privilege.

13. The Borough's preferred use for this property is for passive recreational use.

14. Under present information and belief, other than what has been provided in the Borough's response to the producing of documents, the Borough is not aware of any other communication.

15.  Upon present information and belief, no communication has occurred.

16. Please see answer to question 15.

17.
- 5/8/1998- Overlook Drive Intersection Study
- 6/25/19998- The Planning Association of North Jersey-Zoning Analysis for the Chabad Center 100 Overlook Drive Block 908, Lot 1.
- 7/12/1998- Letter from Fire Chief regarding comments and requests per the Chabad Center B. 908, Lot 3.
- 7/27/1998- Garmen Associates Re: Synagogue Site Improvements, the traffic impact of the synagogue.
- 8/7/1998-Planning Board received the $2,500 escrow fee from Rabbi Weiss. This escrow fee was necessary regarding the traffic expert which the zoning board of adjustment has retained for this application.

- 8/25/1998- Letter from Thomas J. Skrable Consulting Engineer summarizing his comments regarding the site plan waiver requested by the Proposed Chabad Center, 100 Overlook Drive., Borough of Woodcliff Lake.
- 8/27/1998- Professional services rendered on this project Re: Chabad Outreach Center- Traffic and Safety Issues. Wilbur Smith Associates transmitted their invoice for $2,000.00.
- 9/10/1998- Pay penalty of $500.00 for notice of violation and notice and order of penalty for the 100 Overlook Drive property.
- 9/11/1998- Fax received from the Planning Association of North Jersey stating attached is a copy of our invoice for this applicant that they are responsible for paying that you requested. Attached is the invoice No. 1096 dated 6/30/19998 for $276.25.
- 9/16/1998- Per the request from the Borough of Woodcliff Lake, attached is the Borough of Woodcliff lake Voucher Claim for $2,000.00 for services provided by Wilbur Smith Associates for the Chabad Center.
- 9/23/1998- A letter to Bruce E. Whitaker, Esq. discussing the breakdown of escrow funds posted in the amount of $3,050.00, professional fees adding up to $3,626.25 as well as $576.25 being forwarded to the Borough of Woodcliff Lake to cover expenses in connection with the above captioned matter.
- 8/26/2004- Notice of violations and order to correct for the 100 Overlook Drive property- no apparent violation.
- Plumbing sub code technical section, construction permit application.
- 6/2/2005- A list of violations for the 100 Overlook Drive property.
- 9/24/2005- Order to pay penalty and abate violations. The penalty is for $5,000 and authorized by the Fire Official.
- 3/6/2006- Reducing the fine for the existing violation from $5,000 to $2,500.
- 4/7/2006- A check for $2,000 that represents the compromise on the fine levied by Mr. Bechetel for the fine.

18.
- 8/29/2016- Notice to Alfred Thumin that the property he is renting must be registered with the Woodcliff Lake Fire Prevention Bureau and that the application requires a prorated fee of $30.
- 12/8/216- Issues that the referenced property has been inspected pursuant to the Uniform Fire Safety Act.
- 12/8/2016- Notice of violations and order to correct.

19. Please see documents provided.

20. Please see documents provided.

22. Objection, it is not within the purview of the Borough to identify the suitability of alternative building sites. Further, suggestions of other sites is neither a recommendation nor comparison. However, and without waiving any objections,

    the below properties were suggested by the Zoning Board as being larger/more suitable:

        i. The JCC property in Washington Township within the Pascack Valley area that became available in 2015 and is located 2.7 miles from the subject site and approximately 1.5 miles from the Woodcliff Lake border;
        ii. Property located at 291 Chestnut Ridge Road;
        iii. Property located at 256 Pascack Road north;
        iv. The undeveloped property located on Pascack Road south;
        v. Property located on Brookview Drive;
        vi. The property located at 27 Pascack Road.

23. Please see answer to 22.

24. Please see answer to 22.

25. The certificate of occupancy of the building for the subject property is a single family home and permits only very limited small group meetings. The subject property as a single family home that does not meet the proper fire code, health code and parking code regulations to facilitate a congregation.

26. Further with an effort to be responsive, as a single family home the subject property has parking facilities equivalent to same and does not contain any parking to accommodate the gathering of a congregation.

27. Objection. This question is overly broad. Further the answering defendant has no such documents, which to the extent that any exist, will be the subject of production by the Zoning Board.

28. The amendment was passed to provide public safety and traffic control.

29. Objection. This question is overly broad. Under present information and belief, the Borough has no records regarding these statements.

31. The Borough maintains financial disclosure forms for those individuals elected to office, same here are attached. Any other campaign related documents of that nature are not within the purview of the borough.

32.
- Apolisitc Christian Church, 171 Pascack Road, Woodcliff Lake, NJ 07677.
    - Block 2003, Lot 3.
- Christ Lutheran Church, 32 Pascack Road, Woodcliff Lake, NJ 0766.
    - Block 2206, Lot 2
- Kingdom Hall- Jehovah's Witness, 43 Woodcliff Avenue, Woodcliff Lake, NJ 0766.

- - - Block 2004, Lot 4
  - Our Lady Mother of the Church, 209 Woodcliff Avenue, Woodcliff Lake, NJ 0766.
    - Block 1402, Lot 8
  - Temple Emanuel, 87 Overlook Drive, Woodcliff Lake, NJ 0766.
    - Block 907, Lot 1
  - Valley Chabad, 100 Overlook Drive, Woodcliff Lake, NJ 0766.
    - Block 908, Lot 1

33. The certification of occupancy identifies the use of the property as a single-family home and limits its use.

34. Rabbi Drizzin made statements during the course of the hearing at the zoning board of adjustment with regards to the plaintiff interest in other properties and their independent decision to abandon their purchase of said properties/termination of contracts to purchase. Further, such other facts and documents as continuing investigation and discovery shall reveal.

35. See 34

36. Galaxy Gardens was purchased for passive recreation use.

37. See 34

38. Testimony was given by the plaintiff planner Joseph Burgis stating that he did not conduct a search of available alternative properties.

39. Complaints
- Residents complained to the Borough of Woodcliff Lake with regards to Rabbi Weiss at 100 Overlook Drive.
    - 8/20/1998- Ferns Jensen has concerns regarding traffic concerns for the 100 Overlook Drive property.
    - 8/24/18- Marlene Deuker of 10 Hunter Ridge has concerns about the zoning variance for the 100 Overlook Drive property.
    - 9/4/1998- John R. & Constance J. Warren has concerns about the variances for 100 Overlook Drive. They would like to keep their residential are strictly residential.
    - 9/16/1998- Constance Warren has concerns regarding the 100 Overlook Drive property.
    - 10/13/1998- Frank Bonnamo of Heather Hill has concerns about the number of cars parked at the site, 100 Overlook Drive.
    - 9/24/2005- An anonymous call came into the Police Department in regard to the 100 Overlook Drive property. The Fire Inspector along with an officer investigated such accusation. Officials instructed that the property is not equipped to handle large gatherings.

- o 6/2/2005- Letter from Joe Mauro-Fire Prevention Inspector advising the change/increase in the occupancy of the subject building- 100 Overlook Drive.
- o 6/30/2005- WCL Fire Prevention Bureau was asked to investigate an overcrowding complaint at 100 Overlook Drive.
- o 3/3/2007- Fire Official noticed a "Valet Parking" sign outside the 100 Overlook Drive property on his way home from work. It was noted that it was a "private party" not a temple function by one of the members. There were approximately 60 people at the residents.
- o 8/28/2016- A letter from a member of the community to Mayor Rendo questioning why the property of 100 Overlook Drive continues to be used as a synagogue.
- o 11/5/2016- Woodcliff Lake Police Department Incident report describing that a community member thought the Valley Chabad was over crowded, which resulted in an officer and the Fire Inspector to investigate such claim.

40. Under present information and belief, none that we are aware of.